## JAMES WOOD v. THE STATE.

·CRIMINAL LAW. *Insanity. Non-expert witness. Weight of evidence.*
The opinion of a non-expert witness as to the sanity or insanity of the defendant in an indictment at the time of the commission of the offence charged, is competent evidence when accompanied by a statement of the facts on which it is based, and when the witness has had such acquaintance or opportunity of observation as is likely to make his opinion valuable. The weight to be given to such opinion is dependent, like the weight to be given to all other opinions, upon the intelligence of the witness and his opportunities for forming a correct opinion.

APPEAL from the Circuit Court of Grenada County.

Hon. SAMUEL POWELL, Judge.

John Wood was indicted for, and convicted of, the crime of buggery. He appealed to this court, and assigned for error, (1) that the court below refused to permit his witnesses — his father, mother, and others intimately acquainted with him — to give in evidence their opinions to the effect that he was imbecile and idiotic ; and (2) that the court declined to grant the motion for a new trial.

*Fitz-Gerald & Whitfield*, for the appellant.

1. The court erred in excluding from the jury the opinions, based on observation and long acquaintance, of the several witnesses for the appellant as to his idiocy and mental incompetency.

2. We insist that the verdict was contrary to the evidence, and that the appellant should have been acquitted on the reasonable doubt of his guilt, because of incapacity to commit crime. If there arose out of all the proof a probability of innocence, he should have been acquitted. *Nelms* v. *The State*, ante, p. 362 ; *Browning* v. *The State*, 30 Miss. 656 ; *Mixon* v. *The State*, 55 Miss. 525 ; *Bowler's Case*, 41 Miss. 578.

*T. C. Catchings,* Attorney-General, for the State.

The court was right in refusing to permit the defendant's witnesses to state that he was an idiot, a fool, etc. Not being experts, their opinion as to his sanity could in no manner aid the jury, who were as competent to form a conclusion as the witnesses themselves.

It has sometimes been held that non-experts may give an opinion as to a defendant's sanity; but no good reason is perceived why such testimony should be admitted, and the modern tendency is to confine such witnesses to a simple statement of facts, leaving the jury, from this statement alone, to form their opinion. But even where such testimony is admitted, the rule goes no further than to allow the witness to state his opinion, based upon certain specific acts known to and testified about by him.

CHALMERS, C. J., delivered the opinion of the court.

The opinions of non-experts as to the sanity or insanity of persons with whom they are acquainted is receivable in evidence. Their opinions are not receivable in answer to hypothetical questions, or upon statements of facts deposed to by other witnesses. This is the province of experts only. Whether a man is sane or not, is always more or less a matter of opinion; and while insanity, in some cases, is so well developed as to admit of no doubt, it can never be regarded as standing upon the same footing as the happening of a physical fact, like birth, or death, or presence, at or absence from a particular place.

How much weight is to be given to the opinion of a witness on the question of insanity depends, like the weight to be given to all other opinions, upon the intelligence of the witness and his opportunities of observation; and while the testimony of a professional man, with equal opportunities, would ordinarily be more reliable than that of a non-professional, the testimony of an intelligent friend who had known the subject of the inquiry for years, might be more weighty than that of the most experienced expert who had seen him

only since the condition of his intellect had become a matter of investigation. Craft and deceit might mislead the one into an error which the lifetime acquaintance and observation of the other would readily detect. The authorities on the subject are by no means uniform. Some deny the right of the non-expert to give an opinion at all; some admit the opinion, provided it be accompanied by a statement of the facts upon which it is based, while others admit it without restriction. We agree with Mr. Wharton in thinking that the qualification that the opinion of the non-expert must be accompanied by a statement of the facts upon which it is based, is not very important, since, whether the witness be an expert or non-expert, the grounds of his belief and his opportunities of observation may always be elicited; and whether the witness b of the one class or the other, his testimony should be rejected by the court where it consists of a mere naked declaration of opinion, with neither learning, observation, nor acquaintance to support it. The sounder rule, we think, is to admit the opinions of non-experts, accompanied by a statement of the facts on which they are based, whenever the witness has had such acquaintance or opportunities of observation as are likely to make his opinion valuable. The correctness of such a rule is even more apparent in cases of alleged idiocy and mental imbecility than in cases of insanity or violent forms of madness. 2 Whart. on Ev. 451, 452, sect. 451, and cases cited; *Clary* v. *Clary*, 2 Ired. L. 78.

Judgment reversed.