CHARLES BACOT v. STATE OF MISSISSIPPI.

[50 South. 500.]

1. CRIMINAL LAW AND PROCEDURE. *Murder. Insanity. Nonexpert witness. Opinion. Evidence. Remoteness.*

In a murder trial, the question of defendant's sanity being in issue, the opinion of a nonexpert witness touching defendant's mental condition, given in connection with the facts upon which it is based, is not objectionable because of remoteness, where the witness had known the accused for fifty years, had gone to school with him when they were boys, and had been intimately associated with him.

2. SAME. *Same. Instructions.*

Where insanity is pleaded as a defense in a murder case, and nonexpert witnesses have testified to their opinions touching defendant's mental condition in connection with the facts upon which they are based, an instruction is fatally erroneous which directs the jury, in weighing the testimony of such witnesses, to disregard their opinions and consider alone the facts upon which they were based.

FROM the circuit court of Pike county.

HON. MOYSE H. WILKINSON, Judge.

Bacot, appellant, was indicted and tried for the murder of one Thomas Brown, was convicted of manslaughter, sentenced to the penitentiary for a term of ten years and appealed to the supreme court. The opinion of the court states the facts upon which the case was decided.

*Price & Whitfield* and *Clem V. Ratcliff,* for appellant.

This fourth instruction is indisputably wrong and reversibly erroneous. Several witnesses, laymen, testified for the defendant, that the defendant was insane or was not able to distinguish right from wrong when he killed Brown. The state then put on the stand Dr. Beacham, a country physician, in rebuttal, and some laymen. Beacham was a young practicing physician without experience in mental diseases. The court instructed the jury that in passing upon the evidence given by a nonexpert, as to his opinion of the sanity or insanity of a person, it must be governed by the facts and circumstances as related by the nonexpert witness, upon which he based his opinion, and judge whether or not the party charged with crime had mind enough to know right from wrong at the time he committed the crime. This was to single out Beacham, and say to an unlearned jury that he was an expert, and to set him up against the other witnesses as one to be relied upon from the standpoint of his opinion only. This was to tell the jury that the laymen, with abundant knowledge of the defendant, all his life, and opportunity to know, could have no opinion that could go to the jury, but that the jury should substitute their opinion for such laymen's opinions, and in so doing they could not go beyond the facts and circumstances detailed by the witness. In the first place Beacham was not an expert. *Russell v. State,* 53 Miss. 367; *Wood v. State,* 58 Miss. 741.

In *Reid v. State,* 62 Miss. 405, this court said: "It is com-

petent for a nonexpert witness   *   *   *   who has had oppor-
tunity to observe the conversation, conduct or manner of the
defendant, to state his opinion or belief of the sanity or insan-
ity of the accused, in connection with the facts upon which it is
based.   Such a witness may give his opinion or belief from facts
stated and known by him." If the fourth instruction be correct,
why should the law allow a nonexpert to give his opinion  or be-
lief at all; why not say, that all nonexperts may state the facts
and circumstances known to them, but no opinion or belief
based upon such facts.   Many of the witnesses testified from
acts and conduct and observation of the defendant from long
association, close personal observation, running back to child-
hood, for many years, and perhaps could only give a portion of
the facts and circumstances upon which our opinion was
based.   Many of the facts, acts and circumstances going to make
up the basis of such a belief or opinion, may have been lost to
memory, and oftentimes are, yet the opinion formed from
the various things done in life is not lost; yet the court charged
the jury that in passing upon the opinion of such witness they
must be governed by and confined to the facts and circumstances
as related by the witness, upon which he based his opinion, and
that the jury must judge whether the defendant had mind
cnough to know right from wrong.   This was in effect to state to
the jury that no such witness could have an opinion which the
jury should consider, and that though the facts and circumstances
may have been sufficient, when taken in connection with the
knowledge and opportunity to observe the defendant and intelli-
gence of the witness, for the witness to have an opinion, yet the
jury should not regard such witness as having an opinion or
belief on the subject.

   In *Wood v. State,* 58 Miss. 741, the court said: "How much
weight is to be given to the opinion of a witness on the question
of insanity depends, like the weight to be given to all other
opinions, upon the intelligence of the witness and his oppor-

tunities of observation; and while the testimony of a professional man, with equal opportunities, would ordinarily be more reliable than that of a nonprofessional, the testimony of an intelligent friend who had known the subject of the inquiry for years, might be more weighty than that of the most experienced expert who had seen him only since the condition of his intellect had become a matter of investigation. Craft and deceit might mislead the one into an error which the lifetime acquaintance and observation of the other would readily detect."

The instruction is on the weight of the evidence and is wrong, and so narrows the defendant's defense that it cannot stand the test of the judicial mind. This instruction totally ignores and takes by exclusion from the jury a consideration of the intelligence of the witnesses, his opportunity to know, and confines the jury only to the facts and circumstances that the witness is able or is called upon to relate for the basis of his relief, and ignores everything an intelligent witness might store away in his mind, the facts and circumstances of which were lost to memory.

It is the opinion of the witness from knowledge, intelligence and opportunity to know, that governs; and not what a jury may think a witness should have believed from a state of facts partially related.

One witness with life-long opportunities to know, and with intelligence and close observation, but who can remember but few circumstances on the spur of the moment, is to be measured and have less weight than other witnesses with fewer opportunities to know, observe, and intelligence, yet with more facts and circumstances retained in his memory.

It is the opinion that is of value. The court erred manifestly in sustaining the state's objection to the witness, Williams, being permitted to express an opinion touching defendant's sanity or insanity. This witness' opportunity for knowledge was even greater than that of others who were permitted to give their opinions. *Emery v. Hoyt,* 46 Ill. 258.

*George Butler,* assistant attorney-general, for appellee.

The witness Williams had not been associated with the accused for eighteen years, and besides he did not state the facts upon which his opinion, if he had one, was based. *Reid v. State,* 62 Miss. 405.

The fourth instruction for the state is unreasonably distorted and is misconstrued by appellant's counsel; when properly contrued and read in connection with the other instructions it is not erroneous, certainly it does not contain reversible error.

WHITFIELD, C. J., delivered the opinion of the court.

The only defense in this case was insanity; that is, the only defense worthy of consideration. There were only two errors which we think of serious import. A number of witnesses, who were laymen, testified to various facts, showing insanity on the part of defendant, and then gave it as their opinion that he was insane. This testimony reached all the way back to the childhood of defendant. As a matter of course, a witness testifying to the conduct of defendant, over a period from twenty to thirty or forty years, could not possibly give anything except a portion of the facts and circumstances upon which his opinion would be based. In fact, many of such facts going to make up a basis for the opinion, in that long lapse of time, would become lost to memory. And yet, under these circumstances, the court gave the jury, for the state, this instruction: "No. 4. The court intructs the jury, for the state, that in passing upon the evidence given by a nonexpert as to his opinion of the sanity or insanity of a person, you must be governed by the facts and circumstances as related by the witness upon which he bases his opinion, and then judge whether or not the party charged with crime had mind enough to know right from wrong at the time he committed the crime."

Waiving minor objections to this instruction, the fundamental and fatal one is that the jury were directed that they

must be governed by the facts and circumstances stated by these lay witnesses, and must form their own opinion from these facts and circumstances, and must not give any weight to the opinion of the lay witnesses, based upon facts which they stated. This is in the very teeth of *Wood v. State,* 58 Miss. 741, and *Reid v. State,* 62 Miss. 405. In this latter case the court said: "It is competent for a nonexpert witness, who has had opportunity to observe the conversation, conduct, or manner of the defendant, to state his opinion or belief of the sanity or insanity of the accused, in connection with the facts upon which it is based. Such a witness may give his opinion or belief from facts stated or known by him." There would be no reason whatever, if this were the correct doctrine, why a nonexpert should be allowed to give his opinion. It substitutes the opinion of the jury on the facts related by the nonexpert for the opinion of the nonexpert himself, and practically tells the jury to ignore the mere opinion of the nonexperts. The fact is that a nonexpert witness, who has known the subject of inquiry all his life and observed him under all sorts of varying conditions and circumstances, is often himself a better judge of the sanity or insanity of the subject of inquiry than the best expert in the world, who has not known the subject of inquiry at all. And so the opinion of such nonexpert may often itself be worth vastly more than the opinion of an expert witness who has never known the subject of inquiry. And this has been plainly declared to be the law in the case of *Wood v. State, supra,* wherein this court said: "How much weight is to be given to the opinion of a witness on the question of insanity depends, like the weight to be given to all other opinions, upon the intelligence of the witness and his opportunities of observation; and, while the testimony of a professional man with equal opportunities would ordinarily be more reliable than that of a nonprofessional, the testimony of an intelligent friend, who had known the subject of the inquiry for years, might be more weighty than that of the most experi-

enced expert, who had seen him only since the condition of his intellect had become a matter of investigation. Craft and deceit might mislead the one into an error, which the lifetime acquaintance and observation of the other would readily detect."

It must be remembered that this was the sole defense presented by the defendant, supported by a large mass of testimony, and the instruction, therefore, is vital, and the error in it fundamental. The witness, Williams, who testified that he had known the appellant for about fifty years and had gone to school with him when they were boys, was not permitted to state his opinion in the direct examination as to whether the appellant, from his knowledge of him and observation of him, was sane or insane, and the objection was made on the specific ground that the testimony was too remote. This was manifest error, and, taken in connection with the charge we have discussed, constitutes reversible error. In inquiries as to the insanity of a person, the largest reasonable latitude is allowed. This witness seems to have been the one who had known the appellant longest and best, and been most intimately associated with him, and therefore best qualified to have expressed an opinion as to his sanity or insanity.

For the reasons indicated, these two assignments are well taken, and the judgment is reversed, and the cause remanded for a new trial.                                      *Reversed.*