S. I. DIXON *v.* NORA MILLING ET AL.

[59 South. 804.]

DEEDS. *Cancellation. Grounds. Partial failure of consideration.*

A deed conveying land in consideration of an agreement to support
the grantor, cannot be cancelled for breach of the undertaking,
the remedy being by action on the undertaking.

APPEAL from the chancery court of Neshoba county.
HON. JAMES F. McCOOL, Chancellor.

Suit by Mrs. Nora Milling and others against S. I.
Dixon. From a decree for plaintiff, defendant appeals.

102 Miss.—29

The facts are fully stated in the opinion of the court.

*Byrd & Wilson,* for appellant.

Appellees, by their bill, and the entire proceedings shown by this record, undertake to completely destroy and blot out a good and valid deed on its face, by parol testimony, a proposition as we believe, unknown to the law. It is elementary that you can introduce parol testimony to aid in the construction of a deed where there is a latent ambiguity or to explain what the true consideration was. It is not to be found in the books anywhere where a court will entertain parol testimony to completely destroy a deed, as is sought to be done in this case, except upon the ground of fraud. Fraud is not as much as even hinted at in this record. This is a complete warranty deed on its face. Appellees seek by their bill to engraft on this deed a condition that is not even hinted at in the deed. The consideration in the deed is one dollar and the appellees say that the further consideration was S. I. Dixon's promise to support and maintain their mother. We submit that all the authorities hold that this, that is the one dollar, and the promise, is a sufficient consideration to support the deed and S. I. Dixon's failure, if he did fail, to carry out this promise can in no way affect the validity of this deed and appellees' remedy, if they have any, is for the purchase price. It is elementary that they cannot destroy this deed in the manner they are undertaking to do. In support of this doctrine we respectfully invite the court's attention to the following authorities:

"As has been shown, the courts allow the greatest latitude of inquiry as to what consideration really passes between the parties, and the grantor is not estopped by his acknowledgment of payment in any action which he may bring for the recovery of the purchase money or other object, so long as the validity of the deed as an operative conveyance is not attacked. But the rule which

we have been considering is subject to the important qualification that parol evidence cannot be admitted for the purpose of destroying the effect and operation of the deed. From this rule it follows that the grantor cannot claim that a trust results to himself when he has executed a deed without consideration. This would be defeating the deed by parol evidence, which cannot be done. -Creditors, of course, can show that the deed was made without consideration for the purpose of defeating it." 2 Devlin on Deeds (2 Ed.), sec. 834.

"The recital in the deed that a pecuniary consideration has been paid, so far as the legal effect of the conveyance as a deed of bargain and sale is concerned, is conclusive. By this is meant simply the effect of the deed aside from any question of fraud." 2 Devlin on Deeds (2 Ed.), sec. 810.

"If an owner of land execute a deed on the consideration that the grantee shall pay all the debts of the grantor, the grantee, although he does not execute the deed, yet if he accepts the deed and takes possession of the land is bound personally for the payment of the debts of the grantor, and a court of equity will subject the land to the payment of such debts. Though a part of the consideration fail, there will be no apportionment where a part of it is good." Same Devlin, sec. 811.

The court will bear in mind that these are absolute deeds on their face and appellees undertake to engraft a contemporaneous parol condition on that. This we most earnestly contend cannot be done. Listen what the great lawgiver Delvin says in section 976 of his most excellent work:

"Parol Condition. Aside from the question of reformation of a deed in cases where causes have been omitted by mistake, it certain that in an action to recover property conveyed by deed on the ground that a condition on which it was made has not been performed,

the deed must speak for itself, and a condition cannot be engrafted upon a deed absolute in form by parol evidence. The engrafting of a contemporaneous condition on a deed will, in a proper action, be allowed only on clear evidence of fraud, accident or mistake."

Section 975 a of the same book we read: "The grantor cannot rescind a deed, in consideration of support for his life, by executing a subsequent conveyance without the consent of the grantee, for the reason that the support has been withheld. He must resort to his action for the value of the support withheld, or rescind on equitable grounds."

It seems to us that the foregoing quotations from Devlin on Deeds are decisive of the question at issue in this case. We have made a very exhaustive research of the authorities and we can find nothing to the contrary. On examination of the cases cited by counsel for appellees it will be found that none of them are in point. They deal with executory contracts and have no bearing whatever on the vital question at issue in this case. We cite the further authorities in support of our contention as follows: 4 Ency. of Evidence, 194, "A very general and well-recognized limitation upon parol evidence in this class of cases is that its introduction must not result in defeating the conveyance." See authorities there cited; 20 Am. Dig. (Cent. Ed., col. 2499, par. C, E; I and K; *Carmichael* v. *Foly,* —— How. 591; *Gadberry* v. *Shepherd,* 27 Miss. 203; *Memphis & Charleston R. R. Co.* v. *W. N. Neighbors et ux.,* 51 Miss. 412; *Soria* v. *Harrison County,* 50 So. 443; *Day* v. *Davis,* 64 Miss. 253, 8 So. 203.

*Flowers, Alexander & Whitfield,* for appellees.

The testimony is abundant to support the chancellor's finding on the question of fact as to the performance on the part of Dixon of the promises to support and care for his mother. This is the question in the case and it

has been decided on the fact in favor of these appellees and it will not be disturbed by this court. *Davis* v. *Richardson,* 45 Miss. 499; *Gray, Executor,* v. *Roden, Administrator,* 24 Miss. 667; *Apple* v. *Ganong,* 47 Miss. 199; *Cattle Co.* v. *Lapsley,* 24 So. 532; *Coffee* v. *Coffee,* 24 So. 262; *Elizabeth Dardeyn* v. *Donovan,* 81 Miss. 696; *Gross* v. *Jones,* 89 Miss. 44; *Melchoir* v. *Kahn,* 38 So. 347; *Ladner* v. *Stewart,* 38 So. 748; *Moise* v. *Howie,* 53 So. 204.

REED, J., delivered the opinion of the court.

The appellees filed their bill to cancel a deed executed and delivered by them to appellant for failure of consideration. The deed states the consideration to be "one dollar paid in hand." The appellees claim the real consideration to be the promise by appellant to care for and support their mother, Mrs. Sarah J. Dixon. She is the widow of John C. Dixon, who executed a deed in 1877, conveying to her the land in controversy for her life, and the remainder to his nine children. Appellant is one of the children.

It is claimed that appellant failed to care for and support his mother during the latter part of her life, and it is admitted that for a time after the execution of the deed he did properly take care of her. Have the appellees the right to rescind and cancel the deed of conveyance because of the failure of a part of the consideration which they claim induced them to execute the same? It is stated in 13 Cyc. page 593, that want or inadequacy of consideration by itself, or a subsequent partial failure of consideration, is no ground for setting aside a deed. In the case of *Day* v. *Davis,* 64 Miss. 253, 8. South. 203, the following is announced as the rule relative to the right of a grantor to set aside a voluntary deed: "A voluntary conveyance of land cannot be vacated, at the instance of the grantor thereof, upon the mere ground that it was made without any consideration; nor will

such grantor be permitted to dispute the existence of the consideration expressed in the deed."'

There have been various decisions of the courts relative to the right of a grantor to vacate a deed for failure of consideration, where such consideration consisted of a promise by the grantee to support and care for the grantor during the remainder of the grantor's life. In connection with this, it is stated in Pomeroy's Equity Jurisprudence, vol. 2, par. 686, as follows: "The general rule that the mere failure by grantee to perform a promise, which formed the whole or part of the consideration inducing an executed conveyance, gives rise to no right of rescission in the grantor, either at law or in equity, unless such promise amounts to a condition; and it is a rule of construction that, in case the language or intention is doubtful, the promise or obligation of the grantee will be construed to be a covenant, limiting the grantor to an action thereon, and not a condition subsequent with the right to defeat the conveyance." In the states where the courts have granted cancellation of a deed on the ground of hardship of the situation, and for similar reasons, the rule relative to constructive fraud has been extended to great and uncertain lengths. This court will follow the rule as announced in the foregoing quotation from Mr. Pomeroy, and this is fully sustained in the case of *Gardner* v. *Knight,* 124 Ala. 273, 27 South. 298. In that case it is decided that a deed conveying land in consideration of an agreement to support the grantor cannot be canceled for breach of the undertaking; the remedy being by an action on the undertaking.

The deed in the instant case is absolute on its face. The validity of the deed as an operative conveyance cannot be successfully attacked for the reason that appellant has not fully performed the promise which it is claimed that he made and formed the consideration inducing appellees to execute the instrument. In view of the foregoing statement of the law applicable to this case,

and the conclusion therefrom that the chancellor erred in rendering his decree in this case, it is useless to discuss the question raised relative to the introduction of parol evidence touching the consideration of the deed.

*Reversed, and bill dismissed.*