## LEE *v.* McMORRIES.

### [66 South. 278.]

1. DEEDS. *Consideration. Failure. Cancellation. Vendor and vendee. Agreement to support grantor.*

Failure to furnish support in accordance with a promise, which becomes the consideration for a deed absolute in form is not sufficient to support a suit for its cancellation.

2. VENDOR AND VENDEE. *Vendor's lien. Agreement to support grantor.*

There is no implied equitable lien in favor of a grantor of real estate to secure a consideration therefor, which is an agreement to support the grantor during life. The reason being that the charge is too uncertain, and indefinite in character.

APPEAL from the chancery court of Lauderdale county. HON. SAM WHITMAN, JR., Chancellor.

Suit by Edwin McMorries, trustees, against Blewett Lee, and others. From a decree in favor of complainant, defendant appeals.

The facts are fully stated in the opinion of the court.

*Scott & Christian,* for appellant.

Counsel for appellee takes the position that the failure to support in accordance with the agreement expressed in the deed is a failure of consideration. This, I contend is not so. I think that Mrs. Daly would have given Mrs. McCarthy the property without any promise from her to support Mrs. Daly and I do not believe that this was a part of the consideration at all; but, for the sake of argument, I am going to assume that this was a part of the consideration and see where it leads us. If the promise to support is a part of the consideration for the conveyance of the property and there is a failure to support, what then? Does a vendor's lien in favor of the grantor exist? If not, does the con-

veyance amount to an equitable mortgage as contended by counsel for appellee?

As to the first proposition we may rely upon 39 Cyc., pages 1791 and 1792, where the following language is used: "A vendor is not entitled to a lien where the consideration for the conveyance is a covenant or agreement to support the grantor during life, as it is of such a nature that the court cannot accurately ascertain and define the amount of the charge to be thus imposed upon the land. There is ample authority for this statement and as it is not questioned by appellee, as I understand their briefs, I will hurry to the next proposition, upon which, in my opinion, they must either stand or fall.

I concede that there are cases where language in a deed or other instrument which amounted to an agreement to support the grantor for life, has been held to convert the deed into an equitable mortgage. But there is more authority holding the other way. In every case of this kind the distinguishing mark has been the query: Does the language in the instrument, whereby support of the grantor or other party is promised, make it apparent that the property was, by the intention of the parties, to be charged with the support of the party to be supported? The clearest and best statement of the law applicable to this case that I have been able to find after an exhaustive search in the case notes, is 13 L. R. A., page 725. The law is there stated in these words: "The present note is limited to those cases which discuss his right to an equitable lien on the premises conveyed. It appears to be well settled that an implied equitable lien does not exist in favor of a vendor of real estate to secure the consideration therefor, when such consideration is the maintenance and support of the grantor during life, some cases stating as the reason therefor that the charge is of too uncertain and indefinite a character (*Peters* v. *Tunnell,* 43 Minn. 473, 19 Am. St. Rep. 252, 45 N. W. 867; *Arlin* v. *Brown,* 44 N. H. 1020;

*Brawley* v. *Catro,* 8 Leight 522; *Crim* v. *Holsberry,* 42
W. Va. 667, 26 S. E. 314), while in other cases a lien is
denied upon the ground that the covenant of the vendee
is substituted for the purchase money, or as a mode of
payment of the price of the land, and therefore the land
is discharged of the lien (*Meigs* v. *Dimock,* 6 Conn. 458;
*Arlin* v. *Brown, supra*; *McKillip* v. *McKillip,* 8 Barb.
552; *Camp* v. *Gifford,* 67 Barb. 434; *McCandlish* v. *Keen,*
Gratt. 615.)''

The foregoing is the general rule. It is qualified by
the following: ''This doctrine however, will not preclude
courts of equity from charging the grantor's support
upon the premises, whenever, from the language of the
parties or the attending circumstances, they can infer
an intention.to create such a charge.'' From the fore-
going we see that it is well settled that there is no im-
plied lien upon the property in cases of ʻthis kind. There
was no express lien reserved and there is no vendor's
lien contended for and this is made certain under the
general law and also cases from our own court. *Grif-
fin et al.* v. *Byrd,* 19 So. 717. This case holds that there
can be no vendor's lien unless the money for which the
lien is cleaimed is fixed and certain. It could not be con-
tended that the amount necessary to support the grant-
or in this case was either fixed or certain.

*Sams & McCall,* for appellee.

We respectfully call the court's attention to the fol-
lowing cases which hol'd expressly that a conveyance
similar to the conveyance in question passes title sub-
ject to the incumbrance or mortgage for the balance of
the unpaid purchase price.

The case of *Abbott* v. *Sanders,* 66 Atl. 1032, holds that
a conveyance, such as the deed in question, would be
treated as a mortgage, and in case of breach by the
grantee, equity may grant relief by foreclosure, forfeit-
ing and extinguishing the grantee's rights, etc. This

case also quotes authorities from Illinois, Oregon, Rhode Island, and Indiana, as well as other authorities from Vermont, Kentucky, Iowa, Michigan and West Virginia.

In the case of *Ringrose* v. *Ringrose,* from the supreme court of Pennsylvania, of recent date, found in 33 Atl. 129, where there was a recitation of a consideration of three thousand dollars, recited to have been paid in the deed, and the further consideration of agreeing to support mother and father by the grantee who was the son, and this court held that in case of failure of the grantee to furnish support, that equity was the proper forum to restore the *status quo* in event of a breach by the grantee of the covenant in said deed. The grantee not having performed all of the terms of agreement and the lands conveyed having been sold, it was held that the terms of the conveyance would be enforced as against the purchaser, for the reason that it was apparent from the face of the deed that something remained for the vendee to do before his title became perfect, and that he might be viewed in the light of a trustee in equity for the vendor even though the vendee might have received a legal title to said property. The court of equity looks to the substance of the agreement, not to the form, and enforces the intention of the parties to said contracts or deed, using this illustration: ''A conveys land to B, and B thereby agrees to support the grantor, and B takes his title clogged with this expression of the purpose of the conveyance to him; wherever it can be inferred that the purpose of support is implied from the words of the deed, courts of equity will enforce such purpose.''

The case of *Gilchrist* v. *Foxen,* 70 N. W. 587, enforced, in a court of equity, the right of the vendor as against a third party on the idea that the conveyance was in its nature a mortgage which gave notice to all purchasers of the right of the vendor to have the title revested in said vendor in the event of a failure on the part of the vendor to comply with the condition of said conveyance.

In the case of *Grant* v. *Bell*, 58 Atl. 951, the supreme court of Rhode Island, in 1904, held that a conveyance made for the support of the grantor by the grantee, creates an implied trust which can be enforced in a court of equity—citing cases from Virginia, Georgia, Vermont, Kentucky, Illinois, Connecticut and Michigan. In this case the grantee assumed and paid a mortgage on the lands conveyed, besides the agreement to support the grantor.

As shown by the above cases and the vast array of authority cited thereunder, the overwhelming weight of the modern doctrine supports the position taken by the learned chancellor in the case at bar, and we respectfully submit that the lien fixed by the decree should stand as handed down by the chancellor.

REED, J., delivered the opinion of the court.

Mrs. Annie Daly, an elderly lady, on July 10, 1909, executed a deed conveying to her granddaughter, Miss Annie Louis Foley, certain real estate in the city of Meridian. The consideration is stated in the deed in the following words:

"Whereas, my granddaughter, Annie Louis Foley, has for a long time devoted herself to the affectionate care of me in sickness and in health, and in further consideration that she is to take me to the home hereinafter described and to care for me, as she has heretofore done, until I die, and in further consideration of the love and affection I bear to said granddaughter, I hereby sell, alien, convey and warrant. . . . ."

Miss Foley afterwards intermarried with J. G. McCarthy. On July 13, 1910, Mrs. McCarthy and her husband executed a deed of trust on the real estate conveyed by Mrs. Daly, to the Union Bank & Trust Company, as trustee, to secure to appellant, Blewett Lee, a loan evidenced by their promissory note in his favor. On September 1, 1910, Mrs. Daly executed an instrument of

writing whereby she conveyed to appellee, Edwin Mc-Morries, as trustee, her entire estate, real, personal and mixed, of whatever description and wherever situated, empowering him generally to collect all amounts due her and control and manage her property, and particularly to enter such proceedings as he might deem best, to recover and assert rights to the property which she had conveyed to her granddaughter. Appellee, on December 20, 1910, filed his bill of complaint, and later an amended bill, averring that there had been a failure of consideration in the deed from Mrs. Daly to Mrs. McCarthy, in that Mrs. McCarthy had not carried out the stipulation in the deed that she should support Mrs. Daly. Mrs. McCarthy, the Union Bank & Trust Company, and appellant, Blewett Lee, were made parties defendant. Appellee prayed that the deed from Mrs. Daly to Mrs. McCarthy, dated July 10, 1909, and the deed of trust from Mrs. McCarthy and husband to secure the loan from appellant should be canceled and held for naught, and that the title to the real estate should be revested in him. He further prayed that if he had not asked for proper relief, a charge should be fixed upon the real estate for the support and maintenance of Mrs. Daly to the extent of one hundred dollars per month and such charge made a lien. A demurrer to the amended bill was overruled. The case then proceeded to trial upon answer and proof. The chancellor, on final hearing, decreed that Mrs. McCarthy had breached the deed by failing to comply with the covenants thereof, and that Mrs. Daly suffered damages to the extent of one thousand, two hundred dollars, for which a personal decree was given. He refused to cancel the deed, but decreed a first and paramount lien on the property for the payment of the amount of the personal decree. From this action of the chancellor, appellant prosecutes this appeal.

In the case of *Dixon* v. *Milling,* 102 Miss. 449, 59 So. 804, 43 L. R. A. (N. S.) 916, this court held that:

"Failure to furnish support in accordance with a promise which becomes the consideration for a deed absolute in form is not sufficient to support a suit for its cancellation."

The question for our decision in this case is, Did Mrs. Daly, the grantor, have a lien upon the real estate she conveyed, to secure such amount as might be required for support provided for in the consideration of her deed?

It has been held that there is not an implied equitable lien in favor of a grantor of real estate to secure a consideration therefor, which is an agreement to support the grantor during life. The reason for this seems to be that the charge is too uncertain and indefinite in character.

Discussing the requisites, extent, and effect of such lien, Mr. Pomeroy, in his Equity Jurisprudence (3d Ed.), sec. 1251, says:

"The grantor's lien, wherever recognized, is only permitted as a security for the unpaid purchase price, and not for any other indebtedness nor liability. There must be a certain, ascertained, absolute debt owing for the purchase price; the lien does not exist in behalf of any uncertain, contingent, or unliquidated demand."

In the case of *Arlin* v. *Brown*, 44 N. H. 102, it was decided that no lien would exist where the only consideration for the conveyance is the agreement of the vendee to support and maintain the vendor during the life of such vendor, and Judge SARGENT, delivering the opinion of the court, said:

"Where it appears that the consideration of a conveyance is that the vendee shall enter into covenants to do certain things, it has been held that there is no lien. *Clarke* v. *Boyce,* 3 Sim. 499; *Parrott* v. *Sweetland,* 3 Myl. & K. 655. This is upon the ground that the sale is made, not for a sum of money, but for a security of a different kind, which security itself is the consideration, and the

party having received that has been paid all that he contracted for. *Buckland* v. *Packnell,* 13 Sim. 406; *Dixon* v. *Gayfere,* 17 Beav. 421, 21 Beav. 118. This principle is held in *Brawley* v. *Catron,* 8 Leigh (Va.) 522, 528, where it is held that this lien will not be given by a court of equity as a security for unliquidated and uncertain damages, and will therefore not exist where the consideration of the sale is an engagement to support the vendor during his life.''

It was decided in the case of *Peters* v. *Tunell,* 43 Minn. 473, 45 N. W. 867, 19 Am. St. Rep. 252, that there would be no implied equitable lien to secure the performance of a consideration which is an agreement to support the grantor during life. We quote from the opinion in this case as follows:

''It is in accordance with what is deemed to be the greater weight of authority that a vendor of real property is not entitled to an implied equitable lien to secure the performance of the consideration when that is of such a nature, as is that in this case, that the court cannot accurately ascertain and define the amount of the charge to be imposed upon the land and enforced out of it.''

In *Burroughs* v. *Burroughs,* 164 Ala. 329, 50 So. 1025, 28 L. R. A. (N. S.) 607, 137 Am. St. Rep. 59, 20 Ann. Cas. 926, it was held that a lien did not exist where the consideration for the conveyance of land is an agreement to support the grantor during life. Judge McClellan, delivering the opinion of the court in that case, said:

''We think there can be no doubt that one essential condition to the creation of a vendor's lien is that there is a definite, 'ascertained, absolute debt, owing alone for the purchase price of the land conveyed'; on the contrary, that no such lien arises where the consideration for the conveyance is an uncertain, indefinite contingent demand.''

Mrs. Daly, the grantor, was not entitled to an equitable vendor's lien upon the land she conveyed to secure the

amount required for her support. Such amount was unliquidated. It was uncertain and contingent. It was not an absolute, certain debt owing for the purchase price. It was indefinite in character. The chancellor erred in fixing the lien on the property.

*Reversed and remanded.*