## LOWREY *v.* LOWREY.

[71 South. 309.]

1. DEEDS. *Failure to support. Right to cancellation. Vendor and purchaser. Equitable liens.*

   Failure to furnish support in accordance with a promise, which was the consideration of the deed, is not sufficient to support a *suit for its cancellation.

2. VENDOR AND PURCHASER. *Equitable liens.*

   There is no implied equitable lien in favor of a grantor of real estate to secure the consideration therefor, which was an agreement to support the grantor during life. The reason being that the charge is too uncertain and indefinite in character.

APPEAL from the chancery court of Alcorn county.
HON. T. L. LAMB, Chancellor.

Suit by G. W. Lowrey against C. Lowrey. From a judgment for plaintiff, defendant appeals.

Appellee filed a bill in chancery against appellant, his son, seeking to cancel two deeds executed by himself and wife conveying to appellant two tracts of land. It is charged in the bill and admitted in the answer that no money was .paid for the land, but that the real consideration for the conveyance was that appellant was to take appellee and his wife into his home and support and maintain them for life. Appellee charged that he and his wife had received such treatment at the hands of appellant and his family that, after having lived there for several years, they were forced to leave, all of which the answer denies. On the hearing the chancellor entered a decree adjudicating a monthly allowance to be paid to appellee and his wife by appellant, and fixed a lien upon the land to secure the amount so adjudicated. From this decree appellant appeals.

*Thomas H. Johnson,* for appellant.

Under the authority of *Dixon* v. *Milling,* 59 So. 804, 43 L. R. A. (N. S.), 916, the court properly held that appellee was not entitled to a cancellation of the deeds.

We may concede that the consideration for the deeds was as the court found it to be; and that appellant violated his agreement to support and maintain, but we confidently contend that the court committed reversible error in fixing a lien upon the lands and upon the proceeds arising from the sale of lumber manufactured from timber cut from the lands.

Such a lien is in its nature and effect a vendor's lien by whatever name called, or howsoever designated; and it is well settled that a vendor's lien is never raised unless there is "a fixed amount of money due from the vendee to the vendor as purchase money for the land conveyed." *Griffin* v. *Byrd,* 74 Miss. 32; *Patterson* v. *Edwards,* 29 Miss. 67; 39 Cyc. 1791.

In order that a vendor's lien may be enforced the amount payable by the vendee must be fixed, payable at all events, at a certain time, and in a certain manner; and none of these conditions are met in the case at bar, on the other hand the bill alleges that the consideration of two hundred dollars recited in each deed was not the consideration for the conveyances and that no part of the same was paid; that the true consideration was the support and maintenance of the grantor and his wife for life.

It is specifically held in the great majority of the courts of this country that such an agreement or promise does not entitle the vendor to a lien, as the consideration is of such nature that the court cannot ascertain and define the amount of the charge to be thus imposed upon the land. We take it that the well considered case of *Lee* v. *McMorries,* 66 So. 278 (Advance Sheets), is conclusive against appellee on this point. See also, 39 Cyc. 1792, and cases cited in Note 61.

The correctness of the reason for the rule just given is clearly demonstrated in the decree of the court in the case at bar; for, in making a monthly allowance for the support of appellee and his wife for life, the ultimate amount even is left uncertain and indefinite—it is dependent upon not one but two contingencies, viz., the length of time appellee and his wife shall both live, and the length of time that one or the other of them shall live, so that it is impossible to say even by the decree of the court what amount is charged against the lands.

Among the cases cited in the note 61 above referred to we desire to call the attention of the court especially to the case of *Burroughs* v. *Burroughs* (Ala.), 137 Am. St. Rep. 59, and 28 L. R. A. (N. S.), 607, which is also cited and quoted from in the *Lee* v. *McMorries Case;* because the allegations in that bill and the bill in the case at bar, together with the deeds exhibited thereto are almost identical in their substantial averments. It is alleged in both bills that the money consideration recited in the deeds in both cases was not the true consideration and was never paid; that the true consideration was the support and maintenance of the grantor for life; and while the bill in the Burroughs Case specifically prays for the enforcement of the vendor's lien in so many words, and the bill in the case at bar simply prays that a lien may be fixed, such a lien is in its very nature and effect a vendor's lien. The court in that case held that the "complainant, as upon the averments of the bill, neither had nor has a vendor's lien. No debt, ascertained and definite, was created by the agreement of the parties as for the sale and conveyance of the land."

There is no question but that the court below erred in fixing a lien upon the lands and the proceeds from the sale of lumber manufactured from the timber cut from the lands.

*W. C. Sweat,* for appellee.

The court below having found that the appellant had failed to comply with his agreement to suport the appellee and his wife, the appellee was entitled to some form of relief. The question then arises to what kind of relief was he entitled. He had conveyed his property to the appellant for the purpose of securing support for himself and his wife. The appellant in accepting that conveyance on these conditions was thereby obligated to furnish them support. The appellant is still in possession of the land. It has not been conveyed to an innocent purchaser without notice. He has agreed to support the grantor and his wife during the remainder of their lives. Has a court of equity no power to compel the grantee to perform his obligations or shall the grantor be compelled to go into a court of law and bring periodical suits against the grantee on the undertaking? And in the meantime this land which he has conveyed to the grantee can be conveyed away or encumbered and the grantor will be unable to subject the property to the securing for himself and wife the very thing for which it was conveyed. Our contention is that under the proof in this case the contract and agreement between the appellant and appellee amounted to an equitable mortgage in favor of the appellee for the purpose of securing support for him and his wife, and under the proof, the court was justified in so finding and fixing the lien upon the property for support.

We admit that it was not a vendor's lien and that there was no fixed and definite amount agreed upon between the parties, such as is necessary in order to enforce a vendor's lien, but the court has a right to find under the proof what was a reasonable amount for their support and then after having found that, had a right to establish the lien upon his land for the payment of such amounts.

Elliott in his magnificent work on Contracts, Vol. 5, sec. 4646, declares such contract to be equitable mortgages.

Under this authority the court below was correct in finding what was a reasonable amount per month to be allowed for the support of these two old people and in establishing a lien on this land to secure their support which in effect enforces the equitable mortgage.

I desire to call the court's attention to the note, *Davis* v. *Davis,* 130 Am. St. Rep. 1040-1057, giving quotations from the courts of the majority of the states of the Union showing that courts of equity grant some form of relief in all the states. In a few of them the contract is rescinded and the title revested in the grantor, and a few others, the deed is cancelled, but in the majority of the states the contracts are construed as equitable mortgages or as a trust for the purpose of securing the support of the grantor. Notes to *Davis* v. *Davis,* 130 Am. St. Rep. 1040; *Patton* v. *Nixon,* 33 Oregon, 159, 52 Pacific 1048; Note to 130 Am. St. Rep. 1049.

The question of the jurisdiction of the chancery court was not raised in the court below. The appellant came in, answered the bill, joined issue, submitted himself voluntarily to the jurisdiction of the chancery court, and under section 147 of the constitution of the state of Mississippi and a long line of decisions of this court construing said section, the decree of the court will not be reversed or annulled on account of want of jurisdiction to render the decree on account of any error or mistake as to whether the cause in which it was rendered was of equity or common law jurisdiction. The chancery court had jurisdiction to render a decree against the appellant for twenty-dollars per month for the support of these old people. This decree is a personal decree against the appellant which was rendered against him by the chancery court after he had, without objection, submitted himself to its jurisdiction and the appellant will not now be heard to say that this was error on the part of the

chancery court, and the case will not be reversed on that account. *Decell* v. *Oil Mill,* 83 Miss. 346, 35 So. 761; *Hancock* v. *Dodge,* 85 Miss. 228, 37 So. 711; *Holmes* v. *Ferguson,* 86 Miss. 782, 39 So. 70.

The case of *Lee* v. *McMorries,* 66 So. 378, cited by the appellant is a very different case on the facts from the case at bar. In that case a personal decree was rendered against Mrs. McCarthy, the grantee in the deed. From this personal decree it appears no appeal was taken, but an appeal was prosecuted by Lee, one of the defendants, and the party whom it seems held a mortgage on this land executed by Mrs. McCarthy, and if the said Lee had any notice of the failure of the grantee to carry out her part of the agreement, such does not appear from the report of the case. The court simply held on this appeal by Lee that there was not an implied equitable lien in favor of the grantor to secure the amount required for her support, but in the case at bar the appellant owns the land. A personal decree was rendered against him and the court fixed a lien on the land for the payment of these amounts which we contend that the court had a right to do and ought to have done under the circumstances. We did not ask for the enforcement of a vendor's lien on the land, but we did ask that a reasonable amount for their support be ascertained and that the court fix and establish a lien on the land for its payment. All the parties were in court and the appellant owns the land subject only to the support of appellee and his wife.

It appears to me that the appellee was entitled to the relief granted him by the chancery court and that the chancery court had a right and the authority to grant the relief it did grant and committed no error in so doing, and that the case should be affirmed.

Holden, J., delivered the opinion of the court.

This case is controlled by the rule announced in *Lee* v. *McMorries,* 107 Miss. 889, 66 So. 278, L. R. A. 1915 B, 1069.

*Reversed and remanded.*