WYNN *et al. v.* KENDALL.

·[85 South. 85, In Banc. No. 21218.]

1. CANCELLATION OF INSTRUMENTS. *Deed will not be set aside because grantor did not understand it, in absence of timely application.*
Where a deed given in consideration of the support of the grantor during life provides no lien, nor forfeiture on condition broken, or for failure to perform, but is absolute in form, it will not be set aside, where no timely application was made, on the ground that the grantor did not understand the terms of the deed as written, where the deed was on record.

2. DEEDS. *Deed for support of grantor not canceled for breach of agreement to support.*
Where a deed is given in consideration of an agreement to support grantor, but containing no provision for forfeiture for failure to perform agreement, and reserving no lien in the deed to. secure performance of consideration, it will not be canceled in equity for failure to furnish support. *Lowrey* v. *Lowrey,* 111 Miss. 153, 71 So. 309; *Lee* v. *McMorries,* 107 Miss. 889, 66 So. 278, L. R. A. 1915B, 1069. *Dixon v. Milling,* 102 Miss. 449, 59 So. 804, 43 L. R. A. (N. S.) 916.

APPEAL from the chancery court of Holmes county.

HON. Z. A. BRANTLEY, Chancellor.

Suit by Mrs. Mary J. Kendall against C. K. Wynn and others. Decree for plaintiff, and defendants appeal. Reversed and remanded.

*H. H. Elmore,* for appellants.

*Neel & Jordan,* for appellee.

ETHRIDGE, J., delivered the opinion of the court.

Mrs. Kendall filed a bill in the chancery court, alleging that on the 20th day of August, 1912, she conveyed certain land to C. K. Wynn and Mary M. Wynn, the consideration of which, as set forth in the deed, reads as follows:

"That for and in consideration of the sum of five dollars ($5.00) cash in hand paid to the said Mary J. Kendall by the said C. K. Wynn and Mary M. Wynn, the receipt whereof is hereby acknowledged, and in further consideration of the said C. K. Wynn and Mary E. Wynn furnishing the said Mary J. Kendall with board and lodging for and during the term of her (the said Mary J. Kendall's) natural life in the home or house of the said C. K. and Mary M. Wynn, or wherever the said C. K. and Mary M. Wynn should reside, the said Mary J. Kendall to be treated and looked after the same as one of the family of the said C. K. and Mary M. Wynn, and in further consideration of the sum of forty dollars ($40.00) to be paid by the said C. K. and Mary M. Wynn annually to the said Mary J. Kendall on the 15th day of November, and thence annually thereafter during her said natural life, the said Mary J. Kendall by these presents does grant, bargain, sell, convey, and confirm unto the said C. K. Wynn and Mary M. Wynn the following described land, lying, being, and situate in Holmes county, state of Mississippi, and described as follows."

And that the said writing, though absolute on its face, was not so intended and agreed, but that it was agreed and understood between the parties that the premises conveyed were to be held by the defendants,

conditioned upon the carrying out of the agreements set forth in the bill, and more particularly in the deed made Exhibit A to the bill, the pertinent provisions of which are above set forth, and alleging that upon failure of said defendants to carry out said agreement the said premises were to revert to the complainant; that the appellant's entered into possession of the premises and are still holding the same; and that in accordance with the said writing the defendants came to live with her in her said home, and at first treated the complainant kindly, but soon thereafter began to grow unkind and inconsiderate, and at times it amounted to abuse and insult, and that finally she learned indirectly of proposed attempts upon her life by C. K. Wynn; and that through his treatment, and her fear, she cannot live with him— and prayed for a cancellation of said deed, or if that could not be done, then to be allowed her support during the remainder of her natural life, and that such maintenance and support be decreed a lien upon the land. The answer denied the material allegations of the bill so far as the understanding of the deed and the alleged fraud, violence, and mistreatment were concerned, and denied that they had refused to carry out their agreement to support the complainant.

The complainant testified that she lived with the defendant from August, 1912, until November or December, 1916. Her testimony fails to show fraud in the execution of the deed. The deeds were drawn by an attorney named Wiener, who then lived at Durant, Miss., and who is shown to be an attorney of good standing and character Complainant testifies that the deed was read over to her, according to her understanding of the agreement as set forth in the bill. The deed was placed on record, and no effort was made to set it aside until March, 1917, when this bill was filed. Her testimony in reference to her treatment shows that she was treated well in the early part of this arrangement,

and that she had plenty to live upon; but the treatment complained of is abusive language, and her testimony that on one occasion he drew a gun, all of which was denied by both Mr. and Mrs. Wynn.

The evidence shows that Wynn is solvent, and that a judgment against him could be collected on execution. The chancellor decreed the cancellation of the deed, reciting that the "court finds that the deed executed by the complainant, Mary J. Kendall, to C. K. Wynn and Mary M. Wynn on the 20th day of August, 1912 (reciting the description of the land), was entered into under a material mistake on the part of Mrs. Mary J. Kendall, but without fraud on the part of the complainants."

The bill is drawn upon the theory of a mistake in the deed and breach of the consideration, and we think the proof falls far short of the standard required by law to cancel a conveyance for mistake. In *Ayers v. Mitchell*, 3 Smedes & M. 683, the rule is laid down that a complainant who seeks to rescind a contract for the sale of real estate must show clearly the defect in the title and that there has been fraud, accident, or mistake, and the remedy must have been pursued in good time. See, also, *Johnson v. Jones*, 13 Smedes & M. 580; *Jones v. Smith*, 33 Miss. 15; *Christian v. Green*, 45 So. 425. This court has held in several cases that the failure to furnish support in accordance with the promise, which was the consideration of the deed, is not sufficient to support a suit for cancellation of the deed. *Lowrey v. Lowrey*, 111 Miss. 153, 71 So. 309; *Dixon v. Milling*, 102 Miss. 449, 59 So. 804, 43 L. R. A. (N. S.) 916; *Lee v. McMorries*, 107 Miss. 889, 66 So. 278, L. R. A. 1915B, 1069. And these cases held, also, that if there was no express lien reserved to secure the performance of such promise no equitable lien will be implied.

The complainant does not show that she was incompetent to understand the deed, does not allege any weakness of mind, nor any confidential relation between her

and the grantees in the deed, nor is there any averment of undue influence, nor proof of same, nor is there any showing of inadequacy of consideration. We think the showing made is wholly insufficient under the authorities above cited to sustain the chancellor's decree. If the proof should show that the complainant could not live with the defendants because of their mistreatment, brought about by their conduct, she could maintain a suit for support for such amount as would be reasonable in the community where she lived, and in the condition or station of the parties to the suit; but there is not sufficient ground to cancel the deed.

The judgment will therefore be reversed, and the cause remanded, for such further proceedings in consonance with this opinion as may be deemed proper.

*Reversed and remanded.*