HALL *v.* SCOTT.

(Division A.   March 31, 1947.)

[29 So. (2d) 640.   No. 36405.]

**Brandon, Brandon, Hornsby & Handy,** of Natchez, for appellant.

542

**Brown & Gwin,** of Natchez, for appellee.

Argued orally by **Gerard Brandon** and **G. Stuart Handy,** for appellant, and by **Jos. E. Brown,** for appellee.

**McGehee, J.,** delivered the opinion of the court.

The appellant, James Hall, is the stepson of the appellee, Israel Scott. They inherited a lot and residence in the City of Natchez from Mary Scott as tenants in common. Thereafter, on October 2, 1942, the appellee conveyed to the appellant his undivided interest therein for a recited consideration of $10.00 and other valuable considerations, the receipt of which is acknowledged in the conveyance. The deed contains a reservation during the life of the grantor of the right to occupy and reside upon the property with the grantee, and free of rent.

On September 24, 1946, the appellee filed his bill of complaint herein setting forth the foregoing facts, and alleging that the true consideration for the conveyance was the promise of the grantee to support and maintain the grantor during his natural life, and to provide for the grantor a home during his declining years.

It is further alleged that on the 2nd day of November 1942, the grantee "forcibly drove the complainant from the property . . . and has ever since said date refused to permit complainant to occupy said property or any portion thereof; . . . and has wholly failed and refused to contribute in anywise to the care, maintenance or support of the complainant, all in violation of the terms, provisions and reservations in said deed contained."

That thereafter the complainant was compelled to procure other living quarters and to pay the sum of $10.40 per month as rent therefor. That the complainant has also incurred expenses for his care, maintenance and support since the date of his forcible eviction in the sum of $2,400.00.

The bill then prays that a lien be declared against the property for the satisfaction of the foregoing amounts, and that the property be decreed to be sold for the satisfaction of the said amounts, and for partition of the proceeds of the sale.

To the foregoing bill of complaint a general demurrer was interposed by the defendant, which was by the trial court overruled. This appeal is from the order overruling the demurrer, and was granted to settle the controlling principles of the case.

The appellee concedes here that, on the authority of the cases of Dixon v. Milling et al., 102 Miss. 449, 59 So. 804, 43 L. R. A. (N. S.) 916; Lee v. McMorries, 107 Miss. 889, 66 So. 278, L. R. A. 1915B, 1069; Lowrey v. Lowrey, 111 Miss. 153, 71 So. 309; New Orleans Great Northern R. Company v. Belhaven Heights Company, 122 Miss. 190, 84 So. 178; Wynn v. Kendall, 122 Miss. 809, 85 So. 85; Batson v. Draughton (Miss.), 11 So. (2d) 203, the bill of complainant would have been demurrable had it only sought to enforce an equitable lien for breach of the promise to support the appellee; and that the only remaining question is whether or not under the terms of the deed the grantor would be entitled to partition the property under Chapter 317, Laws of 1946. But, we are of the opinion that the complainant was entitled to none of the relief specifically prayed for. However, the bill contains a prayer for general relief, and there are sufficient facts alleged to disclose, if proved to be true, that the complainant would be entitled to recovery of damages for the alleged violation of the terms of the conveyance. No injunctive relief is specifically prayed for to prevent the grantee from interfering with the right of the grantor to remain upon the property, and as to whether or not the complainant is entitled to that equitable relief we express no opinion in the absence of the proper allegations and a prayer therefor. We merely hold that the bill is sufficient to show ground for some relief in the premises, and that the same was therefore good as against a general demurrer.

The cause will therefore be affirmed, and remanded to the chancery court for further proceedings therein not inconsistent herewith, or where the same may be transferred to the circuit court if it should be so ordered.

Affirmed and remanded.