WILSON *v.* COMBS *et al.*

(In Banc.   February 23, 1948.)

[33 So. (2d) 830.   No. 36692.]

**B. D. Wade**, of Jackson, for appellant.

**Truly & Truly,** of Fayette, for appellees.

Argued orally by **B. D. Wade**, for appellant, and by **Everett Truly**, for appellees.

**Roberds, J.**, delivered the opinion of the court.

Under date February 14, 1939, Mary Martin executed to Eunice Wilson a warranty deed to 10 acres of land situated in Jefferson County, Mississippi, the recited consideration being $1, paid; the natural love and affection of grantor for grantee, and "the further consideration that the said Eunice Wilson agrees hereby to take care of me during the remainder of my life."

On September 13, 1940, Mary Martin executed a will by which she devised two acres of this land, upon which the residence was located, to Samson and Peter Combs, two of her children, and the remaining eight acres she devised to her other five children, one of whom was Eunice Wilson, and she also gave some of the children certain small articles of personal property.

On October 28, 1940, the attorney who prepared the deed entered a notation upon the margin of the record thereof, "as attorney representing both parties to said deed", purporting to cancel and annul the deed, which marginal notation recited, as authority for making it, that the attorney understood ". . . that the terms in this deed on the part of the grantee, Eunice Wilson, have not been complied with by the said Eunice Wilson."

Mary Martin departed this life December 12, 1943, leaving the foregoing will, which was probated, but, so far as the record discloses, no executor or administrator was appointed. Her heirs at law were the seven devisees in the will.

Mary Martin took no legal steps in her lifetime to annul or cancel the foregoing deed, or to enforce the

obligation for her support imposed thereby on Eunice Wilson. However, some three years after the death of Mary Martin, and on September 25, 1946, six of her children filed this suit against Eunice Wilson for the purpose of (1) Affirming the action of said attorney in attempting to cancel the deed on the record, or, if not (2) to have the court itself annul the deed, or, if not (3) to obtain a personal decree against Eunice Wilson for the reasonable value of the support of Mary Martin which Eunice failed to render her, and that an equitable lien be imposed upon the land to secure the payment of that sum and that the land be sold for that purpose. The chancellor rendered a personal decree against Eunice Wilson for $1,575 in favor of Sartilliah Jameson, "one of the complainants, for the benefit of all of the complainants," gave Eunice Wilson 90 days within which to pay the same, and appointed a commissioner to sell the land in case she should default in such payment. From this decree, Eunice Wilson appeals. We will dispose of the questions in the order stated.

The authority of the attorney to make the marginal notation was a supposed oral agreement between the grantor and the grantee in the deed had before, or at the time of, its execution. The chancellor did not undertake to validate that action. He was correct in this for two reasons: First, the proof is too vague and indefinite to establish such an agreement, and, Second, if established, the statute of frauds would have rendered it unenforceable. Section 264(c), Miss. Code 1942.

Apparently, Mary Martin resided upon, and had the use of, the conveyed property until her death. However, in March 1940, Eunice moved away and thereafter contributed little, if anything to the support of her mother, other than the use of said premises therefore, there was at least a partial failure of consideration. But, this Court has repeatedly held that failure to support in accordance with a promise in a deed is not sufficient ground for cancellation of the deed. Dixon v. Milling Co., 102 Miss.

449, 59 So. 804, 43 L. R. A. (N. S.) 916; Lee v. McMorries, 107 Miss. 889, 66 So. 278, L. R. A. 1915B, 1069; Lowrey v. Lowrey, 111 Miss. 153, 71 So. 309; Wynn v. Kendall, 122 Miss. 809, 85 So. 85; Batson v. Draughon (Miss.), 10 So. (2d) 450; Suggestion of Error Overruled, 11 So. (2d) 203.

Also, regardless of the holding in other jurisdictions, this Court is committed to the rule that there is no implied equitable lien in favor of a grantor of real property to secure the promise of the grantee to support the grantor during life, the reason being that the charge is too uncertain and indefinite in character. Lowrey v. Lowrey, supra. The writer is not in accord with that view but he is bound by the decisions of this Court unless and until they are overruled.

But, a further question arises on this appeal, and that is whether the personal decree in favor of Sartilliah Jameson can be permitted to stand under the circumstances of this case. The amount of the decree is based entirely upon contributions supposedly made by Sartilliah to the support of Mary Martin, although the evidence is vague and uncertain as to the amount. But, whatever the payments may have been, Sartilliah was a mere volunteer in making them. She was not a party to the deed. She bore no contractual relation .to Mary Martin or Eunice Wilson. She was under no legal duty to make the payments, and Eunice did not request her to make them. They were made without compulsion, or fraud, not under mistake of fact, and were entirely voluntarily. She could not thereby legally obligate Eunice Wilson to repay her. McLean v. Love, 172 Miss 168, 157 So. 361. Whether an administrator of the estate of Mary Martin could recover a personal decree against Eunice Wilson is not before us and we do not decide.

Reversed and judgment here for appellant.