218 So.2d 892 (1969)
Mrs. Ethel LEGGETT, Mrs. Jean Hartford, R.C. Atkinson, Jr., Mrs. Mary Davidson, Mrs. Vera Clark and Mrs. Clifford Barnett, Complainants/Appellants,
v.
Mrs. Iva GRAHAM, Mrs. Estelle Shortsleeve Ivy and Mrs. Helen Stanley, Defendants/Appellees.
No. 45201.
Supreme Court of Mississippi.
February 17, 1969.
James M. Cain, Canton, Stanford Young, Waynesboro, P.O. Gibson, Jr., Jackson, for appellants.
Riddell & Dabbs, Quitman, for appellees.
PATTERSON, Justice.
This is an appeal from the Chancery Court of Wayne County wherein complainants sought to set aside certain deeds executed by their father, R.C. Atkinson, Sr. Three of Atkinson's children, grantees in these deeds, were named as defendants. From a decree which dismissed their cause, complainants appeal to this Court.
This cause actually relates to an earlier action which began on January 28, 1963, when R.C. Atkinson, Sr., while living with his daughter, Mrs. Helen Stanley, executed a deed conveying certain real property to her and two other daughters, Mrs. Graham, and Mrs. Ivy. Shortly thereafter, several of *893 Atkinson's other children, Mrs. Leggett, Mrs. Hartford, Mrs. Davidson, Mrs. Clark, Mrs. Barnett, and Mr. R.C. Atkinson, Jr., filed a petition in the Chancery Court of Wayne County seeking to have their father placed under a guardianship. The cause was defended by Atkinson and the three daughters who were grantees under the deed. The case was heard on February 28, 1963, and was dismissed at the conclusion of the testimony on motion of the defendants. A request for a finding of fact as to Atkinson's competency on that date was refused; however, the chancellor did state in his opinion that:
There is no doubt that he has evidenced by his actions many irrational moments and many, many points of idiosyncrasies, but there has been no proof that would stand the test that he has dissipated his assets in the past to the extent that the Court might feel that he [w]as a person of such unsound mind that he did [not] know and understand at this moment the acts that he has done or what his desires are at this moment.
On February 28, 1963, immediately after this hearing, Atkinson executed a confirmation deed to the appellees on the same property he had previously conveyed to them on January 28, 1963. An appeal was taken from that decision to the Missisippi Supreme Court; however, Atkinson died on March 7, 1963, before the case could be heard. The appeal was thereafter dismissed on motion of the appellees.
In August 1966 the five children who had sought to have Atkinson placed under a guardianship brought this action by filing a bill of complaint to cancel the deeds executed by their father on January 28, 1963, and February 28, 1963. Mrs. Graham, Mrs. Ivy, and Mrs. Stanley, the grantees under the two instruments, were named as defendants and are appellees here. The bill alleged that a confidential relationship had existed between Atkinson and the appellees; that Atkinson had not been capable of executing the deeds in question, and that the appellees had procured said deeds through fraud and undue influence. By amended bill it was further alleged that appellees, particularly Mrs. Stanley, had undertaken to manage Atkinson's business affairs; that a confidential relationship existed between the two, and through undue influence while he was in poor mental and physical condition, she had induced him to execute the deeds.
Both sides offered testimony as to the competence of R.C. Atkinson, Sr. at the time he conveyed the land in question. Evidence for appellants tended to show that Atkinson was in very poor health during the last months of his life, required a nurse a large part of the time, and acted in an odd manner at times. A psychiatrist, offered by appellants, testified in response to hypothetical questions that in his opinion Atkinson was suffering from senile dementia. Another physician, who had treated Atkinson, testified that he had suffered from senility. Both physicians testified on cross-examination that they had not examined Atkinson on the days he executed the two deeds and therefore could not specify his mental condition on those dates.
R.C. Atkinson, Jr., one of the complainants, was called as a witness in his own behalf. After a few introductory questions had been posed, an objection to his competence as a witness under Mississippi Code 1942 Annotated section 1690 (1956), commonly known as the "Dead Man's Statute," was sustained.
The defendants introduced credible testimony that although the deceased Atkinson had been in poor physical health and was aged, his mental capacity was normal for a man of his age. Among those testifying were Edwin Stanley, in whose home Atkinson had spent the last months of his life; one of Atkinson's personal physicians; the chancellor who had refused to place Atkinson under a guardianship; a friend who had transacted business with Atkinson shortly before his death; and an attorney who had helped prepare the deeds involved *894 in this suit. All of these witnesses were of the opinion that R.C. Atkinson, Sr. was lucid, capable of transacting business during the period of time when he made the two conveyances, and had been a strong-willed person who was not easily influenced.
The chancellor was of the opinion that complainants failed to meet the burden of proof required in a case of this type and entered a decree which dismissed the cause with prejudice. From that decree they appeal to this Court and assign the following points as error:
1. The action of the trial court in sustaining appellees' objection to R.C. Atkinson, Jr.'s competence as a witness under Section 1690.
2. The admission of two deeds into evidence over objection of appellants' counsel.
3. The finding by the court that appellants did not meet the burden of proof.
4. Failure of the court to find that there was a confidential and fiduciary relationship between Atkinson and the appellees.
5. Failure of the court to find that appellees were dominant parties.
In regard to appellants' first assignment of error, Section 1690, supra, states in part:
A person shall not testify as a witness to establish his own claim or defense against the estate of a deceased person which originated during the lifetime of such deceased person * * *.
Appellants contend that the action of the chancellor in sustaining an objection to the testimony of R.C. Atkinson, Jr. under the above-mentioned statute was erroneous for two reasons. First, they argue that since they were forced to reply under oath to the affirmative matter raised in the defendants' answer, any objection to their further testimony was waived in accord with the principles set forth in Stuckey v. Sallis, 221 Miss. 698, 74 So.2d 749 (1954). Second, they assert that Section 1690 is not applicable to them since the suit did not attempt to establish a claim against the estate of the deceased. They maintain that this was a case between the heirs of R.C. Atkinson, Sr., and was in behalf of the estate rather than against it.
Assuming arguendo that the court erred in sustaining the objection to the testimony of R.C. Atkinson, Jr., we do not feel that the error is sufficient to require reversal. From the record it is apparent that appellants failed to show what they intended to prove by the witness. In Griffith, Mississippi Chancery Practice section 580a (2d ed. 1950), it is stated:
When an objection is sustained and the proffered testimony is not permitted to be heard, the witness must be presented and a statement made by the solicitor in the presence of the witness as to the substance of what is proposed to be proved by the witness, so that it may be seen on appeal whether, if received, the rejected testimony would have been of any material value,  that is to say, whether any harm was done by the rejection. * * *
This principle was recognized by this Court in Manning v. Hammond, 234 Miss. 299, 308, 106 So.2d 51, 56 (1958), and in the cases cited therein, where we stated:
[W]here there was no statement in the record of the answers or testimony which would have been given if the witness had been permitted to answer, the alleged error in excluding the testimony could not be considered by the Supreme Court.
Therefore, we are of the opinion that this assignment of error is not well taken.
Appellants found their second assignment of error on the contention that there was a failure of consideration. They assert that the two deeds required appellees to support Atkinson for the balance of his natural life, but that the evidence tended to show that his care was paid for out of his personal funds. On this point we find no need to state more than what we have *895 said in Wilson v. Combs, 203 Miss. 286, 290, 33 So.2d 830, 831 (1948), an analogous case:
However, in March 1940, Eunice moved away and thereafter contributed little, if anything, to the support of her mother, other than the use of said premises, therefore, there was at least a partial failure of consideration. But, this Court has repeatedly held that failure to support in accordance with a promise in a deed is not sufficient ground for cancellation of the deed. Dixon v. Milling Co., 102 Miss. 449, 59 So. 804, 43 L.R.A.,N.S., 916; Lee v. McMorries, 107 Miss. 889, 66 So. 278, L.R.A. 1915B, 1069; Lowrey v. Lowrey, 111 Miss. 153, 71 So. 309; Wynn v. Kendall, 122 Miss. 809, 85 So. 85; Batson v. Draughon, Miss., 10 So.2d 450; Suggestion of Error Overruled, 11 So.2d 203.
In accord with the principles enunciated in this case and others cited therein, we hold that there is no merit in this assignment.
The remaining assignments of error will be considered together since they are concerned primarily with the weight of the evidence. In our opinion the evidence was sufficient to establish a confidential or fiduciary relationship between the grantor and Mrs. Stanley, one of the grantees, and that she was the dominant party in this relationship. Being the dominant party in the fiduciary relationship and also the grantee under the deed, the presumption arises that the deed was the result of undue influence on the part of the grantee. Olmstead v. Olmstead, 233 Miss. 621, 103 So.2d 399 (1958). This Court stated in Hickey v. Anderson, 210 Miss. 455, 462, 49 So.2d 713, 716 (1951):
It is well-established in Mississippi and elsewhere that where a confidential relationship is shown to exist between parties to the deed, and where the grantee, who is the beneficiary, is the dominant spirit in the transaction, the law raises a presumption of undue influence, or, as is sometimes said, a deed is prima facie voidable in such cases. Under such circumstances the burden or duty of repelling or rebutting such a presumption is cast upon the grantee. * * *
Once the burden shifts, if the grantee is to overcome the presumption which has arisen, he must show by clear and convincing proof that the deed was not the result of undue influence or fraud. Griffith, Mississippi Chancery Practice § 589 (2d ed. 1950). As discussed in Houser v. Houser, 251 Miss. 209, 168 So.2d 801 (1964), the presumption of fraud or undue influence may be repelled by showing the facts and circumstances surrounding the case, the consideration involved, the relationship of the parties, mental condition of the grantor at the time of the conveyance, and the degree of independence exhibited by the grantor.
A review of the record in this cause convinces us that the grantees in the deeds met this burden by testimony of the family physician, the chancellor who heard the guardianship matter, and the attorney, who prepared the deeds. The latter witness testified that the matter was discussed at length with the grantor in private, lending weight to the thought that the grantor was a man of independent action and so acted when executing the deeds. We conclude that these assignments of error are not well taken.
Decisions of this nature are complicated by the fact that dissident elements of a family are involved and that both sides are able to produce convincing testimony. Of such cases this Court stated in Campbell v. Campbell, 249 Miss. 670, 683, 163 So.2d 649, 654-655 (1964) that:
It can be readily seen that there was a conflict in the testimony of the complainants' witnesses and the testimony of the defendants' witnesses on the issue as to Louis Campbell's mental competency to transact business at the time of the execution of the deed to Joe Campbell on March 25, 1937. That conflict in the evidence presented a question of fact *896 which was resolved by the chancellor in favor of the defendants. * * *
It has been repeatedly held by this Court that the findings of the chancellor on disputed issues of fact will not be disturbed by this Court on appeal, unless it appears that the chancellor's findings are manifestly wrong. * * *
Therefore, since we cannot say that the findings of the chancellor in this cause were manifestly wrong, we must affirm.
Affirmed.
ETHRIDGE, C.J., and JONES, INZER, and ROBERTSON, JJ., concur.