McELVEEN *v.* McELVEEN, et al.

No. 40813          June 9, 1958          103 So. 2d 439

*Wingo & Finch,* Hattiesburg, for appellant.

*Gordon & Gordon,* Liberty; *B. D. Statham,* Magnolia, for appellees.

674

ARRINGTON, J.

The appellees, H. S. McElveen, Mrs. Jessie L. Simmons, Mrs. Gladys Gardner, W. B. McElveen, Mrs. Ella Bowlin and Charles C. McElveen, filed their bill of complaint in the Chancery Court of Amite County against A. L. McElveen, appellant, to set aside a deed from W. E. McElveen to A. L. McElveen. The appellees and the appellant are the adult children of W. E. McElveen, deceased, and the sole heirs at law. A. L. McElveen answered the bill, denying the material allegations thereof and making his answer a cross-bill in which he asked for reformation of the deed and averring that he was the owner of a one-half undivided interest in and to a tract of land embraced in the deed, designated as Parcel No. 3, and known as the Everett tract, containing approximately 400 acres, by reason of a resulting trust.

The chancellor set aside and cancelled the deed in question on the grounds that a confidential and fiduciary relationship existed between A. L. McElveen and W. E. McElveen at the time of the execution of the deed and that the appellant out-traded and over-persuaded W. E. McElveen to execute the deed for a wholly inadequate consideration. The court decreed the appellant to be the owner of a one-half undivided interest in the Everett tract by reason of a resulting trust, and ordered partition of the property. From this decree the appellant appeals and the appellees cross-appeal.

The appellant contends that the chancellor erred in setting aside and cancelling the deed.

The record discloses that W. E. McElveen was 87 years of age at the time he executed the deed of conveyance to the appellant on December 20, 1955. The deed recited a consideration of $7,000, but the chancellor found that only $3500 of this amount was paid. Subsequently, on February 24, 1956, the grantor, W. E. McElveen, died. A. L. McElveen was unmarried and lived in the home of his father until sometime in the year 1952, at which time he built a home and his father moved in and lived with him until his death. For approximately twenty years, W. E. McElveen and the appellant were partners operating a gin and sawmill under the partnership name of "W. E. McElveen and Son." There was evidence in the record that the value of W. E. McElveen's property which was deeded to his son, the appellant, was from $100,000 to $150,000. There was also evidence showing that W. E. McElveen was suffering from the disabilities more or less common to a person of 87 years; that he was weak physically, and that he was forgetful and absent-minded. The record does not disclose who prepared the deed, nor does it show that W. E. McElveen had any independent advice prior to the execution of the deed; but it does reflect that A. L. McElveen was in a bank in McComb, Mississippi when his father executed the deed,

and according to the notary, the deed was not read or explained to him.

We are of the opinion that the evidence was ample to support the finding of the chancellor that there was a fiduciary relationship existing between W. E. McElveen and the appellant, and that the consideration was wholly inadequate, and in setting aside and cancelling the deed.

The rule in this State is announced in the case of Austin v. Von Seutter, et al., 139 So. 174: "The doctrine announced in the case of Allore v. Jewell, 94 U. S. 506, 24 L. Ed. 260, and approved and adopted by this Court in the cases of Clark v. Lopez, 75 Miss. 932, 23 So. 648, 957, and Leach v. Hirshman, 90 Miss. 723, 44 So. 33, that, where there is a great weakness of mind in a grantor, arising from age, sickness, or any other cause, though not amounting to absolute disqualification, and the consideration given is grossly inadequate, equity will vacate the deed in the absence of evidence showing the fairness of the transaction and the grantor's capacity to make the deed, is applicable and controlling in this case; and, applying this doctrine, there is ample evidence in the record to support the decree of the chancellor ordering a cancellation of the deed, the validity of which is attacked herein."

In Ham, et al. v. Ham, et al., 146 Miss. 161, 110 So. 583, in discussing the question of fiduciary relationship, this Court said:

"It will be observed from the foregoing statement that the conventional, fiduciary relation that existed between C. M. Ham and Eugene Ham was that of partners in business. A partnership is essentially a relation of trust and confidence, but we are not called upon here to decide a case where the fiduciary relation is that only which grows out of a partnership, for it is beyond dispute that the relation which existed between C. M. Ham and Eugene Ham was much more close and intimate than that

which the law presumes from the mere fact of their being partners in business. We will treat the partnership simply as one of the evidences of the existence of a fiduciary relation between them in fact. The rules governing gifts, conveyances, etc., between parties to such a fiduciary relation are the same as those governing gifts, conveyances, etc., between parties occupying the conventional fiduciary relations, such as physician and patient, attorney and client, guardian and ward, trustee and cestui que trust, etc.

" 'It is settled by an overwhelming weight of authority that the principle extends to every possible case in which a fiduciary relation exists as a fact, in which there is confidence reposed on one side, and the resulting superiority and influence on the other. The relation and duties involved in it need not be legal, it may be moral, social, domestic, or merely personal.' 2 Pomeroy Equity Jurisprudence (4th Ed.), section 956.

"When such a relation exists, and the parties thereto —'consciously and intentionally deal and negotiate with each other, each knowingly taking a part in the transaction, and there results from their dealing some conveyance or contract or gift, . . . . the principle literally and directly applies. The transaction is not necessarily voidable, it may be valid, but a presumption of its invalidity arises which can only be overcome, if at all, by clear evidence of good faith, of full knowledge, and of independent consent and action.' 2 Pomeroy Equity Jurisprudence (4th Ed.), section 957.

"The burden of overcoming this presumption is on the party claiming under the conveyance, contract, or gift. Meek v. Perry, 36 Miss. 190; Hitt v. Terry, 92 Miss. 710, 46 So. 829."

In the case of Hickey v. Anderson, et al, 210 Miss. 455, 49 So. 2d 713, we held:

"It is well-established in Mississippi and elsewhere that where a confidential relationship is shown to exist

between parties to the deed, and where the grantee, who is the beneficiary, is the dominant spirit in the transaction, the law raises a presumption of undue influence, or, as is sometimes said, a deed is prima facie voidable in such cases. Under such circumstances the burden or duty of repelling or rebutting such a presumption is cast upon the grantee. 16 Am. Jur., Deeds, Sections 392-395, 402; 26 C. J. S., Deeds, Sections 193, 58; Watkins v. Martin, 1933, 167 Miss. 343, 147 So. 652; Lindeman's Estate v. Herbert, 1940, 188 Miss. 842, 193 So. 790; Ham v. Ham, 1926, 146 Miss. 161, 110 So. 583; Bourn v. Bourn, 1932, 163 Miss. 71, 140 So. 518; Griffith, Miss. Chancery Practice (2d ed. 1950), Section 589.''

We do not think that the appellant met the burden of proof in this case.

■■ On the cross-appeal, the appellees assign and argue that the court erred in holding that A. L. McElveen was the owner of a one-half interest in the Everett tract. The evidence shows that W. E. McElveen, in 1933, purchased the Everett place for the sum of $2400. The deed, which was made an exhibit to the bill, shows that $1500 cash was paid and a note executed for $900. The evidence further shows that in 1937 W. E. McElveen and his wife executed a mineral deed covering a 15/16ths interest in the minerals under this tract; that during his lifetime, W. E. McElveen made sales of timber from time to time from the Everett Place and the purchase price of this timber was paid to him as the owner thereof. The testimony of the appellant's witnesses shows that when A. L. McElveen purchased timber from the Everett Place, he paid W. E. McElveen the actual value of the timber. The evidence of the appellant in regard to the ownership of a one-half interest in the tract was vague, indefinite and uncertain. In the case of Logan v. Johnson, et al., 72 Miss. 185, 16 So. 231, this Court said: ''Where it is necessary to prove by parol the existence of a trust, 'the evidence must be clear, strong, unequivocal, unmistaka-

ble, and must establish the fact of the payment by the beneficiary beyond a reasonable doubt.' 2 Pom. Eq., Section 1040.''

We are of the opinion that the learned chancellor was in error in decreeing that the appellant was the owner of a one-half interest in the Everett tract. The appellant did not meet the burden of proof required. The appellees in their bill asked for partition and made a tender of the consideration paid by A. L. McElveen to W. E. McElveen. This amount of $3500 was found to be the consideration paid by the appellant, which amount should be refunded to the appellant. It follows that the decree of the lower court is affirmed on direct appeal, reversed on cross-appeal and judgment entered here for the appellees, and remanded for further proceedings not inconsistent with the opinion expressed herein.

Affirmed on direct appeal, reversed and judgment here for appellees on cross-appeal, and remanded.

*Roberds, P. J.,* and *Lee, Ethridge* and *Gillespie, JJ.,* concur.