ROY NOBLE LEE, Presiding Justice, for the Court:
The Chancery Court of Hancock County, Honorable Jason H. Floyd, Jr., presiding, entered a decree setting aside a deed of conveyance executed by Frank J. Schindler and Annie Belle Washington Schindler, husband and wife, to Mr. and Mrs. Hillman Ladner, and the Ladners have appealed to this Court.
The Ladners have assigned four errors in the trial below, but we consider only the question of whether or not the mental incapacity of the Schindlers and gross inadequacy of consideration for the deed rendered the instrument void. Since an issue of fact was presented to the chancellor, we refer only to the evidence favorable to the appellee.
Mr. and Mrs. Schindler, aged 77 and 83 years, respectively, had no children. They were close friends of the Ladners, who were much younger than they. The Schin-dlers had indicated that when they died it was their desire the Ladners have their home property in Hancock County and indicated their desire to execute a will to such effect. The Ladners customarily did small favors for the Schindlers, although Mrs. Schindler said that presents were given to the Ladners for such services.
On April 28, 1982, Attorney Cornelius Ladner, accompanied by the Ladners (no relation to the attorney), went to the home of the Schindlers and presented to them an instrument, which Mrs. Schindler said was forced upon them for signing without reading the same. At any rate, the instrument, which was referred to by the Ladners as a “death deed”, was executed on that occasion by the Schindlers.
According to witnesses, Mr. Schindler was seriously ill with emphysema, which caused mental dullness, confusion and lethargy; that his mind was failing and he could no longer read; that he was unable to concentrate and was unaware of the nature of the transaction; that Mrs. Schindler was at the point of exhaustion, having waited upon and cared for Mr. Schindler in his ill condition; that she had been without rest for days and slept in a chair while caring for her husband; that at or near the time of the deed’s execution, her mind was *1341 stupefied; and that she was worn out physically and mentally.
It is clear from the record that neither the Schindlers nor the Ladners understood the import of the deed as opposed to a will.
Mr. Schindler died eighteen (18) days after execution of the deed as a result of congestive heart failure and emphysema. Sometime later, Mrs. Schindler was considering a sale of the property, talked to her banker about it, and was advised that she could not sell the property, since it had been deeded to the Ladners, with the Schin-dlers reserving a life estate. Suit was filed by Mrs. Schindler on September 15, 1982, to set aside the deed of conveyance. Although the deed recited as consideration “$10.00 and other consideration,” it is undisputed that no consideration was paid, other than the small favors which the Lad-ners had bestowed upon the Schindlers. The evidence reflected that the value of the Schindler property was $34,000.
The chancellor found that no consideration had been given for the deed; that both Schindlers thought they were signing a will, as evidenced by Mrs. Schindler’s diary entry and discussions with her banker and neighbors about selling the property; that Mr. Ladner did not understand the significance of the instrument and thought the Schindlers could sell the property; that Mrs. Schindler was physically exhausted by the constant care required by Mr. Schindler, who was gravely ill and about to die; and that both lacked the mental capacity to execute the deed instrument.
We think the principle stated in Puryear v. Austin, 205 Miss. 590, 39 So.2d 257 (1949), and followed since that decision, is dispositive of the question now before the Court. In Puryear, the Court, quoting from Allore v. Jewel, 4 Otto 506, 94 U.S. 506, 24 L.Ed. 260 (1876), said:
The question presented for determination is, whether the deceased, at the time she executed the conveyance in question, possessed sufficient intelligence to understand fully the nature and effect of the transaction; and, if so, whether the conveyance was executed under such circumstances as that it ought to be upheld, or as would justify the interference of equity for its cancellation.
... It is not necessary, in order to secure the aid of equity, to prove that the deceased was at the time insane, or in such a state of mental imbecility as to render her entirely incapable of executing a valid deed. It is sufficient to show that, from her sickness and infirmities, she was at the time in a condition of great mental weakness, and that there was gross inadequacy of consideration for the conveyance. From these circumstances, imposition or undue influence will be inferred. [205 Miss, at 606, 39 So.2d at 260, 261].
See also A.L. McElveen v. H.S. McElveen, 233 Miss. 672, 103 So.2d 439 (1958) and Lampley v. Pertuit, 199 So.2d 452 (Miss.1967).
In Kemp v. Kemp, 254 So.2d 876 (Miss.1971), this Court affirmed the decision of the lower court, which held that a deed executed by a 77-year-old feeble-minded widow, conveying $35,000 worth of property, should be cancelled, where the conveyance was in consideration of $10.00 and some past favors of no particular monetary value.
We are of the opinion that the ap-pellee met her burden of proof and established that the instrument executed April 28, 1982, by the Schindlers was not a valid deed of conveyance and, certainly, that the chancellor was not manifestly wrong in so holding. Therefore, the decree of the lower court is affirmed.
AFFIRMED.
WALKER, P.J., and BOWLING, HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.
PATTERSON, C.J., not participating.