BOURN *v.* BOURN *et al.*

(Division B.   March 28, 1932.)

[140 So. 518.   No. 29910.]

Kelly **J. Hammond** and **Hall & Hall,** all of Columbia, for appellant.

**R. H. Dale**, of Columbia, for appellees.

**Anderson, J.**, delivered the opinion of the court.

Appellees filed their bill against appellant in the chancery court of Marion county to cancel a deed to certain land in that county made by appellee Mrs. S. J. Bourn to appellant. The cause was heard on bill, answer, and proofs, resulting in a final decree in appellees' favor. From that decree appellant prosecutes this appeal.

The material allegations of appellees' bill were established by the evidence. Probably appellees' case could not be better stated than by setting out the allegations of that bill, which follow, leaving off the formal parts, including the prayer:

"That the on 21st day of March, 1925, complainant, Mrs. S. J. Bourn, was the owner of and was seized and possessed of in fee simple, the following described land situated in Marion county, Mississippi, to-wit:

"E. $\frac{1}{2}$ of S. W. $\frac{1}{4}$ and S. $\frac{1}{2}$ of N. W. $\frac{1}{4}$ of S. E. $\frac{1}{4}$ of Section 20, Township 5 North, Range 19, in Marion County, Mississippi.

"That on said date complainant, Mrs. S. J. Bourn, was a widow, and was residing upon said land, and was advanced in years, and desiring and intending to provide for herself for the remainder of her life by arranging with her son, Carl Bourn, the defendant herein, to care and provide for her during such remainder of her life, and desiring and intending to compensate him for his trouble and expense in so doing, made, executed and delivered unto the said Carl Bourn, for the sole and only consideration of the fact that he would live with her and care for her during the remainder of her life, an instrument of writing, which she intended to be a Will, devising and bequeathing unto him, after her death, the above described land, which she desired and intended should not be recorded until after her death, which said instrument is of record in Book 54, Page 595, of the Records of Land Deeds of said county, and a copy of which is hereto attached and marked Exhibit A and prayed to be taken as a part of this bill of complaint.

"That immediately after the complainant, Mrs. S. J. Bourn executed said instrument, with the understanding and agreement aforesaid, she went away to visit another son in an adjoining state, and when she returned six weeks later she learned to her great sorrow and deep regret, and to her astonishment that the defendant, Carl Bourn, had abandoned said premises and went away to another state and has never returned to live with her, or to provide for her in any manner, and is still absent from said premises, and has never since said date contributed towards the up-keep of said premises, or in any manner contributed to complainant's support, or provided for her any manner, and she was caused and compelled to make other arrangements for her care and protection during the remainder of her life.

"That on the 27th day of June, 1927, after complainant, Mrs. S. J. Bourn, had definitely concluded that the said defendant, Carl Bourn, did not intend to return and

carry out his agreement with her, and after he had all the while failed, neglected and refused to in any way provide for her, or care for her, as she intended that he should do when she executed and delivered the instrument aforesaid, and believing that the said defendant, Carl Bourn, had decided and concluded to repudiate the transaction and have nothing further to do with it, and believing that he had destroyed the instrument aforesaid and that it was no longer in existence, she executed and delivered unto complainants, T. R. Bourn and D. E. Bourn, for a consideration of one thousand dollars ($1,000), a warranty deed of conveyance, in which she conveyed and warranted unto the said T. R. Bourn and D. E. Bourn the above described property by deed duly acknowledged and recorded in Book 70, Page 365 of the Records of Land Deeds in the office of the Chancery Clerk of Marion County, Mississippi, copy of which is hereto attached marked Exhibit B and prayed to be taken as a part of this bill of complaint.

"That complainants, T. R. Bourn and D. E. Bourn, believing that the title to said property was good, accepted said deed of conveyance and paid therefor the sum of one thousand dollars ($1,000) consideration, and paid the delinquent taxes thereon, and have since been in possession of said property and paying the taxes thereon and keeping up the repairs, and have been providing and caring for their mother, Mrs. S. J. Bourn, the complainant herein, and complainant, T. R. Bourn, is now residing with his mother, and has been all the while, and is and has always been very solicitous for her happiness and welfare.

"That on the 28th day of June, 1928, the said T. R. Bourn for a consideration of five hundred dollars ($500), executed and delivered unto D. E. Bourn, his tenant in common, a warranty deed to his undivided one-half interest in said lands, as per deed duly acknowledged

and of record in Book 75, Page 561 of the Records of Land Deeds of said County, copy of which is hereto attached marked Exhibit C, and prayed to be taken as a part of this bill of complaint.

"That the complainat, D. E. Bourn, is now the owner of all of said land, having purchased the same and paid therefor an adequate consideration, and has for the past several years paid the taxes thereon and permitted his mother, Mrs. S. J. Bourn, one of the complainants herein, to reside thereon and enjoy the rents and profits therefrom, and use the same as her own as she has always done, and has permitted the complainant, T. R. Bourn, to reside thereon with the distinct understanding that he will watch over and care and protect his mother for the balance of her days as she intended the defendant, Carl Bourn, should do.

"Complainants, Mrs. S. J. Bourn, and T. R. Bourn, by virtue of the fact that they executed and delivered warranty deeds to said property, whereby they guaranteed the title to said property, they are necessary parties to this suit in order to clear the title and make good their title which they warranted, and it has recently come to their knowledge, and to the knowledge of their mother, Mrs. S. J. Bourn, and to all of the complainants herein, that the purported instrument which was executed and delivered to the said defendant, Carl Bourn, had been by the said defendant placed of record and that he is now claiming to be the owner of said land, and that said instrument casts a doubt, cloud and suspicion upon complainants' title to said land, and they are entitled to have the same canceled of record.

"That the consideration for said deed from the complainant, Mrs. S. J. Bourn, to the said defendant, Carl Bourn, is void and of no effect and passed no title to the said defendant, for the reason that the consideration for said deed has wholly and totally failed, and the recited consideration of one dollar cash was never paid, and the

deed to said land was wholly and totally without con-sideration and void, and complainants are entitled to have the same canceled as a cloud upon the title of the said D. E. Bourn to said land.''

The deed sought to be canceled recites a consideration of one dollar paid; conveys and warrants the title to the land, and then follows this clause: ''The possession, how-ever, is not given herein, but the same is retained until after the undersigned has departed this life, then and not until then, is the possession to pass to the said Carl Bourn to said land.''

It will be observed that the bill does not charge in so many words that the deed was procured by fraud, nor does it charge in so many words that the minds of the parties did not meet; nevertheless it does charge facts sufficient in law to constitute both of those grounds for the cancellation of the deed. It was not necessary to use the word ''fraud'' in the bill, nor the language ''that the minds of the parties did not meet;'' to have done so would have been a mere conclusion of the pleader from the facts charged. As above stated, the evidence was amply sufficient to sustain the charges of the bill.

The relationship between the grantor and the grantee was that of mother and son; they were living together on the land. The other sons lived elsewhere. The mother was in her sixty-eighth year when the deed was made. During the preparation and execution of the deed, the mother did not act on the advice of a competent disinter-ested person. Appellant occupied a very close fiduciary relationship to his mother. The mother did not know she was making a deed, but thought she was making a will; there was no independent consent on her part. The one dollar consideration mentioned in the deed was never paid, it was merely nominal. All of these facts the evi-dence amply established. The rules governing convey-ances between parties occupying such a fiduciary rela-tion are the same as those governing conveyances be-

tween parties occupying the conventional fiduciary relations, such as physician and patient, attorney and client, guardian and ward, and trustee and cestui que trust. The relation and duties involved need not be legal, they may be moral, domestic, or merely personal. Where the relation exists, the transaction is not necessarily void, it may be valid, but a presumption of invalidity arises which can only be overcome by clear evidence of good faith, of full knowledge, and of "independent consent and action. The usual method of proving independent consent and action in such cases, and probably the only way it can be clearly proven, is by showing that in making the deed the grantor acted on the advice of a competent person, disconnected from the grantee and devoted wholly to the grantor's interest." Ham v. Ham, 146 Miss. 161, 110 So. 583, 585; Brooks v. Brooks, 145 Miss. 845, 111 So. 376. We think the evidence fell short of overcoming the presumption of the invalidity of the deed.

Appellant contends that the decree of the court should be reversed on the authority of Dixon v. Milling, 102 Miss. 449, 59 So. 804, 43 L. R. A. (N. S.) 916. It was held in that case that a deed conveying land in consideration of an agreement by the grantee to maintain and support the grantor could not be canceled for a breach of that undertaking; the remedy being by action on the undertaking. It is true the bill in this case charges a failure of consideration for the execution of the deed. If that were the only ground for relief, the Dixon Case would be in point. The bill, however, does not stop with charging a failure of consideration; it goes farther and sets out sufficient facts to constitute fraud in the procurement of the deed, and also a lack of the meeting of the minds of the parties.

Affirmed.