CURRY *v.* LUCAS.

(Division B. April 18, 1938. Suggestion of Error Overruled May 30, 1938.)

[180 So. 397. No. 33145.]

Brandon & Brandon and Engle & Laub, all of Natchez, for appellant.

Luther A. Whittington, J. E. Brown, and William Braden, Jr., all of Natchez, for appellee.

Argued orally by **Gerard Brandon**, and **S. B. Laub**, for appellant, and by **L. A. Whittington**, for appellee.

**Anderson, J.**, delivered the opinion of the court.

The questions in this case involve W. T. Lucas and his wife, Ida E. Lucas, and their two children, Grace E. Lucas Curry, the appellant, and Leslie E. Lucas, the appellee. W. T. Lucas, the father, died in the spring of 1937 leaving what purported to be his last will and testament. His wife had died in March, 1936. In the will the father left all his property of every kind, except $100, to his daughter, the appellant; that sum he gave to appellee. Appellee contested the will upon the ground that it was brought about by undue influence of appellant on her father, in that she by unfair and unlawful means induced him to substitute her will for his. An issue devisavit vel non was made up and submitted to a jury, resulting in a verdict and judgment setting aside the will. From that judgment this appeal is prosecuted.

Appellant assigns and argues as error the refusal of the court to direct a verdict in favor of the validity of the will, and if mistaken in that contention in overruling the motion for a new trial because the verdict was against

the overwhelming weight of the evidence. We are of the opinion that both contentions are without merit. We see no good purpose to be answered in setting out even the substance of the rather voluminous evidence tending to establish undue influence. It consists of many facts and circumstances covering a period of more than one year after the death of the mother and while appellant was living with and caring for her father, who was about seventy-seven years old.

It is argued that the evidence showing undue influence lacked the character of being affirmative and positive. From the very nature of the question, evidence showing undue influence must be largely circumstantial. Undue influence often is an intangible thing and is rarely susceptible of what might be termed direct and positive proof. "The difficulty is also enhanced by the fact, universally recognized, that he who seeks to use undue influence does so in privacy." Physical facts or open threats are seldom, if ever, used, and if used care is taken that no witness is present to testify to the fact. Only general rules concerning the character and quality of evidence required to establish undue influence can be laid down. Each particular case must stand on its own facts and circumstances. One main underlying principle must be kept in mind, and that is that the evidence cannot be of that direct affirmative and positive character which is required to establish a tangible fact. Jamison et al. v. Jamison et al., 96 Miss. 288, 51 So. 130.

In one of the instructions given appellee the word "influence" was used without the qualification of "undue." Appellant assigns and argues that as error, and clearly it was, but was utterly harmless. The jury could not have been misled by it. In numerous other instructions given both parties the jury was told time and again in unmistakable language that the influence had to be *undue* influence. Hitt v. Terry, 92 Miss. 671, 46 So. 829.

The court gave instructions to the jury that undue influence to vitiate the will had to be of such a character

as to destroy the testator's free agency and, unless the jury believed from a preponderance of the evidence that his free agency was destroyed and appellant's will substituted for his, they should find in favor of the will. No instructions were given appellee in conflict with those.

Appellant complains of instructions given for appellee. to the effect that the burden of proof was on appellant to establish the validity of the will by a preponderance of the evidence. The will was not first probated in solemn form. On its presentation appellee filed a caveat against its probation. On the trial of the issue of its validity appellant assumed the burden of proof and went into the whole question in full. When the proponents of a will make proof of its due execution and the mental capacity of the testator to make a will they make out a prima facie case, and it devolves upon the contestants to bring evidence to rebut the proof so made; but when the contestants produced evidence tending to disprove the proponents' case the burden of proof is then on the latter to establish the issue involved by a preponderance of the evidence. Isom v. Canedy, 128 Miss. 64, 88 So. 485.

Appellee then introduced evidence to overcome the case made by appellant. At the conclusion of appellee's evidence appellant offered as witnesses Charles Bady and Carfielia Hays, on the ground that their testimony was in rebuttal of appellee's and should be admitted. On objection it was ruled out. That ruling is assigned and argued as error. Before it was ruled out, the court heard what their testimony would be. It was plainly not in rebuttal but simply an attempt to add to appellant's original evidence. It was along the same line as the testimony of witnesses originally introduced by appellant. A case cannot be divided up in that manner; having undertaken to go into his whole case he should have done so; he could not save part of it for rebuttal.

Affirmed.