### ROBINSON *v.* CANNON.

Feb. 8, 1954

No. 39088          52 Adv. S. 20          70 So. 2d 80

*E. J. Bogen,* Greenville, for appellant.

*E. B. Taylor*, Greenville, for appellee.

ETHRIDGE, J.

Appellee Dave Cannon brought this suit in the Chancery Court of Washington County against appellant John Lee Robinson. Its purpose was to set aside a deed of September 6, 1949, by which Cannon, an aged Negro man, conveyed to Robinson his home in the City of Greenville. In February, 1952, Robinson filed an unlawful entry and detainer action against Cannon in the county court, seeking to remove him from the house. After that Cannon brought the present suit against Robinson in the chancery court. The bill of complaint was grounded upon allegations of fraud in the procurement of the deed, the existence of a fiduciary relation between the parties, mistake by the grantor as to the effect of the deed, and the charge that appellee was in a condition of physical and mental weakness when the deed was executed, which coupled with the alleged fiduciary relationship and fraud caused appellee to execute a deed in praesenti when in fact he understood and thought it would go into effect only upon his death. The chancery court rendered a decree by which it cancelled the deed as having been procured by fraud.

On this appeal appellant argues that the undisputed proof shows that the parties acted in good faith with no fundamental, material mistake; that appellee, although in bad health, was not in a sufficiently serious condition to justify setting aside the deed for mental incapacity;

that the evidence does not show the existence of a confidential or fiduciary relationship between the parties, or any undue influence exerted by appellant upon appellee; that the only testimony to support appellee's claim is his uncorroborated testimony; and that he is contradicted not only by appellant but by a disinterested witness, the notary public who took his acknowledgment to the deed. Appellant did not offer the testimony or depositions of the two subscribing witnesses to the deed.

■■■ We have reviewed carefully the record, and will not extend this opinion by a recital of the evidence. We have concluded that the decree is in accord with the facts and the law. Hickey v. Anderson, 210 Miss. 454, 49 So. 2d 713 (1951); Clark v. Lopez, 75 Miss. 932, 23 So. 648, 957 (1898); Webb v. Webb, 99 Miss. 234, 54 So. 840 (1911); Brooks v. Brooks, 145 Miss. 845, 111 So. 376 (1927); Nubby v. Scott, 186 Miss. 309, 190 So. 911 (1939); Bourn v. Bourn, 163 Miss. 71, 140 So. 518 (1932); Ham v. Ham, 146 Miss. 161, 110 So. 583 (1926); Puryear v. Austin, 205 Miss. 591, 39 So. 2d 257 (1949).

The testimony of the notary public tends to support appellant's argument; but that officer had no knowledge of the fiduciary relationship between the parties, of appellee's illiteracy and ignorance (other than that he could not read), of what appellant had previously told or indicated to appellee concerning the effect of the instrument, and of what appellee thought was the effect of the deed, in the light of his confidence in appellant, whom he considered like a son, and upon which he relied. Accepting appellee's version, which the trial court did, Cannon conveyed to appellant his home worth $5,000 for no consideration whatever. Nor did appellee have any independent advice concerning this act which deprived him of the only place in which he had to live. Moreover, the testimony of the two parties themselves is substantially

in conflict. Under these circumstances we would not be warranted in holding that the chancellor was manifestly wrong.

Affirmed.

*Roberds, P. J.,* and *Kyle, Arrington* and *Gillespie, JJ.,* concur.