THOMAS, et al. *v.* JOLLY, et al.

No. 43223          December 18, 1964          170 So. 2d 16

*John D. Sibley,* Okolona; *Jeff W. Busby,* Houston, for appellants.

*Armis E. Hawkins, James S. Gore,* Houston, for appellees.

KYLE, P. J.

This case is before us on appeal by Naomi Jolly Thomas and Era Jolly Finn, defendants in the court below, from a decree of the Chancery Court of the First Judicial District of Chickasaw County rendered in favor of J. D. Jolly, individually, and as administrator of the Estate of Mrs. Trudy Jolly, deceased, and Reuben D. Jolly, individually and as administrator of the Estate of Sam J. Jolly, deceased, complainants in the court below, ordering the cancellation of a deed of conveyance executed by Mrs. Trudy Jolly, as grantor, to Naomi Jolly Thomas and Era Jolly Finn, as grantees, on September 7, 1961, conveying to the grantees all of the grantors' interest in and to 120 acres of land situated in Chickasaw County.

The record shows that the complainants and the defendants are the children and only heirs of Sam J. Jolly

and his wife, Mrs. Trudy Jolly, who acquired title to the above mentioned tract of land by warranty deed from W. J. Criddle dated December 1, 1943; that Sam J. Jolly died intestate on March 25, 1960, leaving as his only heirs at law and next of kin his wife, the above named Trudy Jolly, and the four children mentioned above; that the above named Mrs. Trudy Jolly died intestate on September 29, 1961, leaving as her only heirs at law the above named four children.

The original bill of complaint was filed in this cause by J. D. Jolly and Reuben D. Jolly on June 1, 1962. The complainants alleged in their bill that the above named Sam J. Jolly and Mrs. Trudy Jolly owned the above mentioned 120-acre tract of land during their lifetime as tenants in common, each of them owning an undivided one-half interest in the land; that Sam J. Jolly died seized and possessed of an undivided one-half interest in the 120 acres of land, and under the laws of descent and distribution the late Trudy Jolly, surviving widow, and each of the four children inherited an undivided one-fifth interest in the one-half interest owned by the late Sam J. Jolly at the time of his death, thus making the late Trudy Jolly the owner of an undivided three-fifths interest in the 120-acre tract of land, and the complainants and defendants the owners each of an undivided one-tenth interest in the 120-acre tract of land.

The complainants further alleged that, after the death of Sam J. Jolly, the widow, Mrs. Trudy Jolly was in very poor health and was senile, that she was hospitalized for long periods of time, and that the defendants finally took her to the home of the defendant Naomi Jolly Thomas in the State of Alabama; that while she was in the home of the defendant Naomi Jolly Thomas in the State of Alabama, she was a completely helpless and dependent old woman and had to rely entirely upon the defendants for her daily needs.

The complainants further alleged that there was on record in the office of the Chancery Clerk of Chickasaw

County, in the Town of Houston, Mississippi, what purported to be a deed of conveyance executed by Mrs. Trudy Jolly conveying her interest in the above mentioned 120 acres of land to the above named defendants, Naomi Jolly Thomas and Era Jolly Finn; that the purported deed of conveyance did not bear the true and genuine signature of the late Trudy Jolly and was therefore void; that at the time of the alleged execution of the above mentioned deed the said Mrs. Trudy Jolly was in an advanced state of senile dementia and senility; that she completely lacked the mental capacity to execute a valid deed of conveyance; that she did not understand the meaning or import of the above mentioned deed; and that the deed was void for that reason. The complainants further alleged that the above mentioned deed was executed just three weeks prior to the death of Mrs. Trudy Jolly; that the defendants occupied a fiduciary relationship to the grantor at the time of the execution of the deed; that the grantor was old and weak in mind and body and incapable of resisting the undue influence exercised over her by the defendants, who, in violation of the fiduciary relationship which existed between them and the grantor, fraudulently and wrongfully obtained the purported deed without paying any consideration whatsoever therefor. The complainants therefore charged that the purported deed was null and void, for that reason, and the complainants asked that the deed be cancelled as a cloud upon the complainants' title to their interest in the above mentioned 120 acres of land.

The defendants in their separate answers to the bill of complaint admitted that their mother, Mrs. Trudy Jolly, went to the home of Naomi Jolly Thomas in the State of Alabama after she had been hospitalized, but the defendants denied that she was completely helpless and had to rely completely upon the defendants for her daily needs and welfare. The defendants averred

in their answer that Mrs. Trudy Jolly voluntarily went to the home of Naomi Jolly Thomas and remained in the home of Naomi Jolly Thomas until her death, and that she stayed there of her own free will. The defendants admitted that there was on record in the office of the Chancery Clerk of Chickasaw County a deed of conveyance of the interest of the late Trudy Jolly in and to the 120 acres of land to the defendants. But the defendants denied that the deed did not bear the true and genuine signature of the late Trudy Jolly, and denied that at the time of the execution of the deed of conveyance Mrs. Trudy Jolly was in an advanced state of senile dementia or that she lacked the mental capacity to execute a valid deed. The defendants denied that the deed was executed as a result of duress or undue influence exercised by them over the grantor, and the defendants denied that they occupied a fiduciary relationship to the grantor at the time of the execution of the deed. The defendants therefore asked that the complainants bill be dismissed.

The case was tried at the June 1963 term of the court. Nineteen witnesses testified during the hearing. It is not necessary that we undertake to review in detail the testimony of the witnesses offered on behalf of the respective parties.

At the conclusion of the hearing the chancellor found that the deed dated September 7, 1961, bore the genuine signature of Mrs. Trudy Jolly; and that Mrs. Jolly on September 7, 1961, had that degree of mental competency necessary to execute a valid deed of conveyance, although at that time she was old and in very poor health. The chancellor found that actual undue influence on the part of Mrs. Naomi Jolly Thomas had not been shown by the testimony in the case. The chancellor found, however, that a fiduciary relationship existed between Mrs. Thomas and her mother at the time the deed was executed, and a presumption of invalidity arose

as a result of that relationship, which could be overcome only by clear evidence of good faith on the part of Mrs. Thomas, and of full knowledge and independent consent and action on the part of Mrs. Jolly. The chancellor found that the burden of overcoming that presumption rested on the parties claiming under the deed, and that the proof offered on behalf of the defendants, was not sufficient to overcome that presumption. The chancellor found that the execution of the deed was not a free and voluntary act on the part of Mrs. Jolly, that the deed was executed as a result of undue influence exerted over her by Mrs. Thomas, and that the deed should be cancelled and held for naught. A decree was therefore entered ordering that the deed be cancelled as a cloud upon the complainants' title to an undivided one-fourth interest each in the 120 acres of land.

The appellants' attorneys have assigned and argued two points as ground for reversal of the decree of the lower court, as follows:

(1)  That the trial court erred in its finding that a fiduciary relation existed between Naomi Jolly Thomas and her mother, Trudy Jolly, deceased.

(2)  That, assuming that the proof was sufficient to show the existence of such fiduciary relationship, the trial court erred in its holding that the defendants' evidence was insufficient to overcome the presumption of undue influence arising out of that relationship.

We shall discuss the two points argued in the order stated.

We think there was no error in the chancellor's finding that a fiduciary relationship existed between the defendant Naomi Jolly Thomas and her mother.

■■ ■ A deed from a parent to a child alone and of itself raises no presumption of undue influence since, in the absence of evidence to the contrary, the parent is presumably the dominant party. This is true even though the parent is aged, or aged and infirm. Cir-

cumstances may show, however, such a confidential relationship in which the child is the dominant party that a presumption of undue influence arises. 16 Am. Jur. *Deeds* section 393 (1938).

The testimony in this case shows that Mrs. Jolly suffered a stroke about the middle of December 1960; that she was hospitalized from that stroke until January 9, 1961; that she suffered another stroke on or about April 16, 1961, and was hospitalized again from that date until sometime in the early part of May; that she was taken to Mrs. Thomas' home in Alabama sometime during the latter part of May and remained there, under the care of Mrs. Thomas until her death on September 29, 1961; that from the time she suffered her first stroke she was bedridden or confined to a wheel chair; that on occasions she could lift herself from her bed unassisted, and she could talk to a limited extent; but from the time she suffered her first stroke she was almost a complete invalid. Mrs. Thomas testified at length concerning the care that she bestowed upon her mother; how she attended to her business; how her husband cashed her checks, how they paid the bills for her, and how her mother helped with the expenses, with her social security and welfare checks, after her mother moved into her home in the State of Alabama.

As the chancellor stated in his opinion it appears from the record that at one time there was some ill feeling between one of the complainants and his mother; and the testimony shows that, from May 1961 until the date of Mrs. Jolly's death on September 29, neither of her sons visited her in the State of Alabama.

██ █ The chancellor found that the relationship between Mrs. Thomas and her mother was very close, so close indeed that a fiduciary relationship existed between them. From the facts and circumstances stated above, we think that it cannot be said that the chancellor was manifestly wrong in his finding on that point.

██ We also think there was no error in the chancellor's finding that the evidence offered on behalf of the defendants was insufficient to overcome the presumption of undue influence on the part of the defendant Naomi Jolly Thomas arising out of that relationship.

In the case of Hickey v. Anderson, 210 Miss. 455, 462, 49 So. 2d 713 (1951), the Court said: "It is well-established in Mississippi and elsewhere that where a confidential relationship is shown to exist between parties to the deed, and where the grantee, who is the beneficiary, is the dominant spirit in the transaction, the law raises a presumption of undue influence, or, as is sometimes said, a deed is prima facie voidable in such cases. Under such circumstances the burden or duty of repelling or rebutting such a presumption is case upon the grantee. 16 Am. Jur. *Deeds,* Sections 392-395, 402; 26 C.J.S., Deeds, Sections 193, 58; Watkins v. Martin, 1933, 167 Miss. 343, 147 So. 652; Lindeman's Estate v. Herbert, 1940, 188 Miss. 842, 193 So. 790; Ham v. Ham, 1926, 146 Miss. 161, 110 So. 583; Bourn v. Bourn, 1932, 163 Miss. 71, 140 So. 518; Griffith, Miss. Chancery Practice (2d ed. 1950), Section 589." See also Wofford v. Wofford, 244 Miss. 442, 142 So. 2d 188 (1962).

The chancellor found that the testimony relating to the actual execution of the deed showed that Mrs. Thomas was present when the deed was signed; that the deed was explained to Mrs. Jolly by the Notary Public, and Mrs. Jolly then stated that she executed the deed of her own free will and accord. In the opinion of the chancellor that testimony was not enough to show independent consent and action in the case, and was not enough to rebut the presumption of undue influence arising out of the fiduciary relationship which existed between Mrs. Thomas and her mother.

After a careful reading of the testimony we think there is ample evidence in the record to support the

chancellor's findings, and the decree of the lower court is therefore affirmed.

Affirmed.

*Ethridge, McElroy, Jones and Patterson, JJ.,* concur.