208 So.2d 585 (1968)
Mrs. Mamie MOORE, Conservator of Jack P. Stone et al.
v.
Edith STONE.
No. 44788.
Supreme Court of Mississippi.
March 25, 1968.
Tom S. Lee, Roy Noble Lee, Forest, for appellants.
O.B. Triplett, III, O.B. Triplett, Jr., Forest, for appellee.
INZER, Justice:
This is an appeal by Jack P. Stone and the conservator of his property, Mrs. Mamie Moore, from a decree of the Chancery *586 Court of Scott County wherein that court dismissed their bill of complaint seeking to cancel as a cloud on the title of Jack Stone a deed executed by Jack Stone to appellee, Edith Stone. We affirm.
Appellants alleged in an original bill that a deed executed by Jack P. Stone to his daughters, Edith Stone and Mrs. Ruth Stone Wade, whereby he conveyed to them the Northwest quarter of the Northeast quarter of Section 3, Township 7 North, Range 6 East of the lands of Scott County was void because at the time the deed was executed Jack Stone was mentally, incompetent, and that the deed was obtained through fraud, misrepresentation and undue influence. It was charged that Edith Stone had falsely represented to her father that his other children were going to evict her from the property in question and that the instrument would permit her to live on the property during his lifetime and by this means got him to sign a blank conveyance.
Appellee answered and denied that her father was mentally incompetent to execute the deed in question and that she influenced him into making the deed. She denied that she was guilty of any fraud or misrepresentation or that she exercised any influence over her father in procuring the deed to her and her sister Ruth Wade. Ruth Wade executed a deed reconveying her interest in the property to her father.
Appellants offered no proof to substantiate the charge of fraud or misrepresentation, but did offer proof relative to the mental incompetency of Jack P. Stone. The evidence was conflicting as to his mental capacity on the date the deed was executed. It was not contended that Mr. Stone was non compos mentis. He was about eighty years of age, sick and easily upset and at times he was irrational.
The chancellor, after hearing the evidence, rendered an opinion in which he stated, among other things:
The Court finds from the evidence that the complainants failed to prove that Mr. Jack P. Stone was incompetent on the date of the execution of the Deed in question conveying the captioned lands on October 16, 1965. It is abundantly clear to this Court that he acted on his own volition and under no duress. The Court finds that the aid and assistance given to the mother and father during the period of time from 1951 until 1957 would constitute adequate consideration for twenty (20) acres of land.
It is the opinion of the Court that the Bill of Complaint be dismissed at the cost of the Complainants and Court costs to be taxed against complainants and title to the captioned lands to Miss Edith Stone be recognized and valid.
It is urged on this appeal that the chancellor was manifestly wrong in finding that the deed was valid and in dismissing the bill of complaint. We do not deem it necessary to detail the evidence relative to the mental capacity of Mr. Stone. Since it was not charged and the proof does not show that Mr. Stone was non compos mentis, his mental capacity is to be tested as of October 16, 1965, the date of the execution of the deed. The degree of mental capacity required in this case is that the grantor shall have had sufficient mental capacity to understand in a reasonable manner the nature of the transaction in which he was engaged and its consequences and effect upon his rights and interests. Lambert v. Powell, 199 Miss. 397, 24 So.2d 773, 168 A.L.R. 964 (1946).
The chancellor was amply justified in finding that appellants had failed to meet the burden of proof on the issue of mental capacity. In fact, the preponderance of the evidence showed that at the time the deed was executed Mr. Stone was mentally competent to execute the deed and the evidence establishes that there was consideration for the deed as stated by the chancellor.
Appellants urge that a fiduciary relationship existed between Jack P. Stone and his daughter, Edith Stone, and that *587 there was no consideration for the deed, and that the same was obtained by undue influence. They rely upon the rule of law set out in Thomas v. Jolley, 251 Miss. 448, 170 So.2d 16 (1964); Wofford v. Wofford, 244 Miss. 442, 142 So.2d 188 (1962); Bourn v. Bourn, 163 Miss. 71, 140 So. 518 (1932), and other cases wherein it was held that where a confidential relationship existed a presumption of undue influence arises and in order for the transaction between the parties to be valid, the presumption of invalidity must be overcome by a clear evidence of good faith, full knowledge and independent consent and action. The burden necessary to overcome this presumption is on the part of claimant in the transaction.
The above announced rule never comes into action until the confidential relationship is established by the evidence. In the case before us, the bill of complaint did not charge that a fiduciary relationship existed between the parties at the time the deed was executed and the proof did not establish that such relationship existed. The evidence relative to the relationship of Jack P. Stone and his daughter Edith did not show that their relationship was any different from that which usually exists between a father and daughter. In Olmstead v. Olmstead, 233 Miss. 621, 629, 103 So.2d 399, 402 (1958), this Court said:
In 26A C.J.S. Deeds § 193, in the paragraph on Parent and Child at pages 46 and 47, it is said: "As between parent and child the parent is presumed to be the dominant party, and hence no presumption that a deed from a parent to a child was the product of fraud or undue influence arises merely from the relationship, and this rule applies to a conveyance by a parent to a foster child. Fraud or undue influence in the execution of the deed to the child must be proved, and the burden of proof of the invalidity of the deed on account of fraud or undue influence by the child is on the person who assails it." (233 Miss. at 269, 103 So.2d at 402).
There is no evidence in this case that Edith Stone was the dominant party. The evidence tends to establish that she was only carrying out the instructions of her father, that he carried the deed to the notary public and executed it at a time when none of the parties interested were present, and that he did it freely and voluntarily. The proof substantiates the trial court's finding that there was adequate consideration.
We have carefully considered the evidence in this case, together with the applicable law, and are of the opinion that it should be affirmed.
Affirmed.
GILLESPIE, P.J., and RODGERS, JONES and BRADY, JJ., concur.