539 So.2d 1040 (1989)
In re ESTATE OF Ollie Lee HARRIS, Deceased.
W.T. (Willie) Hale
v.
Leon M. Bradley, Executor.
No. 58350.
Supreme Court of Mississippi.
February 22, 1989.
Donna S. Smith, Colom & Colom, Columbus, for appellant.
W. Welborn Johnson, Columbus, for appellee.
Before DAN M. LEE, P.J., and ROBERTSON and ZUCCARO, JJ.
ZUCCARO, Justice, for the Court:
This matter is a confidential relationship and undue influence case arising out of a testatrix in her will favoring her neighbor and friends over distant nephews and nieces.
Ollie Lee Harris executed her last will and testament on June 11, 1982. She died on November 4, 1982, and the will was admitted to probate on January 24, 1983, in the Chancery Court of Lowndes County, Mississippi. On September 30, 1983, W.T. Hale, et al., appellants herein, filed a petition for contest of the will. After trial of the contest, the chancellor entered a decree in favor of appellee, the proponent of the will. The contestants of the will have timely perfected this appeal, and assign as error that
The appellee failed to overcome by clear and convincing evidence the presumption of undue influence arising from his confidential and fiduciary relationship with the testator.
Ollie Lee Harris, the testatrix, was a 68-year old female resident of Lowndes *1041 County, Mississippi. Prior to her death on November 4, 1982, Mrs. Harris had incurred several hospitalizations. Approximately a year before her death she was hospitalized and had 30 inches of her small intestines removed. By January of 1982, her physical condition required another hospitalization. During the remaining ten months of her life she was hospitalized in March and finally in October of 1982.
Before surgery in late 1981 to remove part of her intestines, the record establishes the testatrix had been a quiet, self-sufficient individual. After the surgery, she became weak and unable to attend to her business affairs without the assistance of others. At this point, Mrs. Harris's neighbor and friend, Leon Bradley, began assisting her. At the direction of Harris, Bradley managed her business affairs, handling cash, checking accounts, running errands and generally attending to her physical needs.
Mrs. Harris became concerned about having a will and asked Bradley to locate an attorney for her to draft her will. The record reflects Bradley located a local attorney, William Bearden, by stopping him one day on the street. Bearden, who had never acted as attorney for Mrs. Harris or Bradley, agreed to meet with Mrs. Harris and went to the local hospital where Mrs. Harris had been admitted for treatment. Bearden determined to his own satisfaction that at that time Harris was too ill to discuss her will and refused to draft it.
Several weeks later, after Harris had returned home from the hospital, Bradley drove Harris into town for a checkup with her doctor. After the visit with her physician, Mrs. Harris requested Bradley to take her to William Bearden's office. After discussing with Harris certain preliminary matters, Bearden agreed to draft Harris' will. Bearden testified at trial he discussed with Harris her estate, who the natural inheritors of her property would be, her assets, and determined that she had no husband or children and that she was competent to make her will.
Ollie Harris died approximately four (4) months later, on November 4, 1982. After the contestant had opened administration of an intestate estate for Ollie Lee Harris, Leon Bradley petitioned for probate of the previously mentioned will and it was admitted to probate. The will provided that one-half undivided interest in Harris's home be devised to Bradley and his spouse and the other one-half interest to another couple. The residue of Harris's estate under the will went to Bradley. Discovery was conducted and after trial, the chancellor entered a decree in favor of the proponent of the will. From that decree the contestant has timely perfected this appeal.
There is no dispute nor doubt that a confidential and fiduciary relationship existed between the appellee, Mr. Bradley, and the testatrix as to which the evidence is substantial. During the last months of Harris's life she relied upon Bradley to manage her business affairs and assist her in going to and from wherever she wanted and needed to go.
In Murray v. Laird, 446 So.2d 575, 578 (Miss. 1984), we said concerning circumstances which give rise to a presumption of undue influence:
Thus, our law may be summarized to state that when the circumstances give rise to a presumption of undue influence, then the burden of going forward with the proof shifts to the grantee/beneficiary to prove by clear and convincing evidence of:
(1) Good faith on the part of the grantee/beneficiary;
(2) Grantor's full knowledge and deliberation of his actions and their consequences; and
(3) Advice of (a) competent person, (b) disconnected from the grantee and (c) devoted wholly to the grantor/testator's interest. Wofford v. Wofford, 244 Miss. 442, 142 So.2d 188 (1962); Croft v. Alder, 237 Miss. 713, 115 So.2d 683 (1959); Thomas v. Jolly, 251 Miss. 448, 170 So.2d 16 (1964).
See also, Costello v. Hall, 506 So.2d 293, 266 (Miss. 1987); Kelly v. Shoemake, 460 So.2d 811, 820 (Miss. 1984).
*1042 In Mullins v. Ratcliff, 515 So.2d 1183 (Miss. 1987), we redefined the third prong of Murray thusly:
The independent advice prong of Murray has been read too strictly. Considering the heavy burden placed upon one seeking to overcome the presumption of undue influence, we find it necessary to redefine the third prong of the Murray test. This we do to the end that the power our law vests in property owners to make bona fide inter vivos gifts not be practically thwarted by often impossible evidentiary encumbrances. We declare that the appropriate third prong of the test is a requirement that the grantee/beneficiary prove by clear and convincing evidence that the grantor/testator exhibited independent consent and action.
Mullins, 515 So.2d 1183, 1193 (Miss. 1987). See also, Miner v. Bertasi, 530 So.2d 168 (Miss. 1988).
In the matter before us, the record indicates the chancellor had substantial evidence to find the testatrix was of sound and disposing mind when she executed her last will and testament and that she had the advice of independently detached legal counsel who fully advised her.
The attorney, William Bearden, did a highly professional and excellent job with regard to the preparation of the will. For instance, he initially met with Harris while Harris was hospitalized and determined at that time Harris was too ill to discuss or execute a will and refused to take any action. Then Mrs. Harris recuperated and returned home. On June 11, 1982, Mr. Bradley brought Harris to town for a medical check-up. At that time Mrs. Harris requested Bradley to take her to Bearden's office. Bearden met with Mrs. Harris outside the presence of Bradley. Bearden testified he determined after conversing with Mrs. Harris that she was competent to discuss and execute her will. As his customary practice, Bearden asked Mrs. Harris how she wanted her property to pass under the will, if she had a husband and whether she had any children or if she had children that had died. Bearden testified that Harris was able to communicate this information to him and that she was aware of the property she owned. Bearden further concluded Harris knew who her heirs were or who her kin people were and the reasons why she did not want to leave her property to them.
Harris's physician, Dr. George S. Barnes, testified that while Harris had had continuous health problems for approximately a year, her physical health was improved on June 11, 1982, the date Harris executed her will. Dr. Barnes also testified that Harris had been to his office for a check-up on that same date. He found her to be mentally alert and in his opinion competent. Evidence to the contrary came primarily from family members who attested to Harris's mental condition primarily based upon telephone conversations from Chicago. No doubt the chancellor gave weight to all the testimony and determined the validity of the will.
We have held that the fact that an attorney who advised a testatrix had done legal work for a primary beneficiary of the testatrix's will (by preparing a deed and two wills for the beneficiary) did not render the attorney incompetent to give the independent advice where there was abundant evidence of testatrix's independence and capability to make her own decisions and handle her financial affairs. Blissard v. White, 515 So.2d 1196 (Miss. 1987).
Dr. Barnes testified Harris was aware of her actions and was mentally alert on the day she executed her will. Several witnesses who had daily and weekly contact with the testatrix testified that she was communicative, responsive, and in control of her mental faculties.
Initially, Leon Bradley was acting in good faith in assisting the testatrix in the preparation of her will with the locating of any attorney, such attorney being unknown to either party, to prepare the will on behalf of Ollie Lee Harris, deceased. Further, the appellee provided no information to the attorney concerning the contents of the will, was never present when the attorney and the testatrix discussed the contents *1043 of her will and was not present during the execution of the will.
Ollie Lee Harris received her advice and counsel from William Bearden, an attorney who had no prior connection with either Harris or the appellee, Bradley. William Bearden was very careful and meticulous in ascertaining that Mrs. Harris was competent and completely advised before he drafted the will.
We must determine that a chancellor was manifestly wrong against the overwhelming weight of the evidence before we will reverse. Shaw v. Ladner, 447 So.2d 1272 (Miss. 1984). Where there is substantial evidence to support the findings of the chancellor, we are without authority to disturb his conclusions, even though as an original matter we might have found otherwise. Jim Murphy Associates, Inc. v. LeBleu, 511 So.2d 886 (Miss. 1987).
We hold the appellee, Bradley, rebutted with clear and convincing evidence the presumption of undue influence. The chancellor's finding that the last will and testament of Ollie Lee Harris is valid was based upon substantial evidence.
WE AFFIRM.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and PITTMAN, JJ., concur.