LEE, P.J.,
for the Court.
PROCEDURAL HISTORY
¶ 1. On May 18, 2000, Lawrence Arring-ton, filed a complaint in the Forrest County Chancery Court against Donald Castle, Jr. to set aside a conveyance of a particular piece of property. The complaint further alleged lack of consideration for the deed to the property, unjust enrichment, and creation of a constructive trust. Castle then answered Arrington’s complaint on June 12, 2000, denying all of the claims and asserting a counterclaim alleging adverse possession of the property in question. After a trial on the matter, the chancellor rendered a judgment on April 25, 2003, finding that Arrington’s complaint was not well taken and denying relief. The chancellor also found Castle’s claim of adverse possession to be moot and also denied him attorneys’ fees. Arrington *1137 filed a motion for reconsideration or a new trial, which the chancellor denied on August 20, 2003. Arrington now appeals to this Court asserting that the chancellor erred in (1) finding no constructive trust was established; (2) finding no unjust enrichment; and (3) finding no failure of consideration for the warranty deed. Finding no error, we affirm.
FACTS
¶ 2. On June 6, 1986, Russlyn Castle, along with her husband, Donald Castle, Sr., agreed with Arrington to become responsible for one-half of a $79,000 loan in exchange for the eventual transfer of approximately thirty-seven acres of land from Arrington to the Castles. This particular piece of property adjoined three acres which had already been deeded to the Castles by the Arringtons in 1975. Shortly thereafter, Donald, Sr., died. Russlyn agreed with Arrington to continue paying her one-half of the loan but she wanted security for the loan. On September 9,1986, Arrington executed a warranty deed whereby approximately thirty-seven acres of land was conveyed to Russlyn and Donald, Jr. (Castle). Due to an error in the legal description of the September 9 warranty deed, a corrected warranty deed was executed a few months later.
¶ 3. Eventually, Russlyn stopped her loan payments and, on December 31, 1987, she quitclaimed one-half of her interest in the thirty-seven acres to Arrington. Castle’s interest was not conveyed at this time.
¶4. In May 1990, two deeds were executed. The first deed involved the transfer of Castle’s one-half interest in the thirty-seven acres to Arrington. Apparently, Arrington needed Castle’s interest in order to sell the property. The second deed was a conveyance of approximately seventeen acres from Arrington to Castle. This appeal concerns the seventeen acres.
STANDARD OF REVIEW
¶ 5. This Court will not disturb findings of the chancellor unless the chancellor was manifestly wrong, clearly erroneous or applied an erroneous legal standard. Tinnin v. First United Bank of Miss., 570 So.2d 1193, 1194 (Miss.1990). Where there is substantial evidence to support the chancellor’s findings, this Court is without the authority to disturb his conclusions, although this Court might have found otherwise as an original matter. In re Estate of Harris, 539 So.2d 1040, 1043 (Miss.1989).
DISCUSSION OF ISSUES
I. DID THE CHANCELLOR ERR IN FINDING THAT A CONSTRUCTIVE TRUST WAS NOT ESTABLISHED BY ARRINGTON?
II. DID THE CHANCELLOR ERR IN FINDING NO UNJUST ENRICHMENT?
¶ 6. In his first two issues, Ar-rington argues that the chancellor erred in failing to find that a constructive trust was established, thus unjustly enriching Castle by the conveyance of the seventeen acres. A constructive trust arises in order to prevent unjust enrichment by a person gaining property which rightfully belongs to someone else. McNeil v. Hester, 753 So.2d 1057(¶ 24) (Miss.2000). The supreme court has defined a constructive trust as follows:
A constructive trust is one that arises by operation of law against one who, by fraud, actual or constructive, by duress or abuse of confidence, by commission of wrong, or by any form of unconscionable conduct, artifice, concealment, or questionable means, or who in any way against equity and good conscience, ei *1138 ther has obtained or holds the legal right to property which he ought not, in equity and good conscience, hold and enjoy.
Planters Bank & Trust Co. v. Sklar, 555 So.2d 1024, 1034 (Miss.1990) (citing Sojourner v. Sojourner, 247 Miss. 342, 353, 153 So.2d 803, 807 (1963)). The existence of a constructive trust must be proven by clear and convincing evidence. McNeil, 753 So.2d at (¶ 25). It was Arrington’s duty to prove that Castle committed some wrong and that Castle was unjustly enriched.
¶ 7. In her order the chancellor cites Dew v. Langford, 666 So.2d 739, 743 (Miss.1995), for the proposition that where a plaintiff failed to establish by clear and convincing evidence that the defendant was unjustly enriched, and where the plaintiff initiated the arrangement upon which the lawsuit is based, a constructive trust was not established. In the case sub judice Arrington initiated the transaction whereby Castle would deed to Arrington his one-half interest in the thirty-seven acres in order that Arrington could sell the property. In return, Arrington deeded seventeen acres to Castle. Arrington fails to offer any direct proof that Castle committed any wrong. Furthermore, Arring-ton was an older, experienced attorney at the time of these transactions, while Castle was only twenty-two. We also agree with the chancellor that any wrongful conduct was committed not by Castle, but by Rus-slyn, who is not a party to this lawsuit.
¶ 8. We fail to see how Arrington’s mere assertions rise to the level of clear and convincing evidence necessary to prove a constructive trust existed with regards to the seventeen acres in question. As there is no clear and convincing evidence that Castle wrongfully acquired title to the seventeen acres we agree with the chancellor that no constructive trust was established and that Castle was not unjustly enriched. These issues are without merit.
III. DID THE CHANCELLOR ERR IN FINDING THAT CONSIDERATION EXISTED IN REGARDS TO THE WARRANTY DEED?
¶ 9. In his last issue, Arrington argues that no consideration existed in the transaction of the seventeen acres. In her order the chancellor found as follows:
This Court finds that good and valuable consideration did pass from the Defendant to the Plaintiff. Defendant’s quitclaim of his interest in the 37 acres to Plaintiff, who needed said interest in order to sell the property, is clearly consideration enough for the conveyance of the 17 acres to the Defendant. Indeed, when Plaintiff sold the 37 acres, he received funds in excess of the payoff on the property.
¶ 10. We cannot find that the chancellor was manifestly wrong in concluding such; thus, this issue is without merit.
¶ 11. THE JUDGMENT OF THE FORREST COUNTY CHANCERY COURT IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES, P.J., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.